**Rush O. NICHOLS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 19678.**

United States Court of Appeals
Fifth Circuit.

Dec. 5, 1962.

Rush O. Nichols, Richard G. Williams, Fort Worth, Tex., for appellant.

Barefoot Sanders, U. S. Atty., T. Gary Cole, Jr., Asst. U. S. Atty., Fort Worth, Tex., for appellee.

Before BROWN and BELL, Circuit Judges, and SIMPSON, District Judge.

PER CURIAM.

With the invaluable assistance of court-appointed counsel, much of the confusion of this confused and confusing record—prepared as it was by petitioner without legal assistance—has been eliminated. It is now quite clear that the § 2255 motion does set forth with requisite positiveness a factual statement that petitioner's pleas of guilty were brought about by promises that his total sentence for all counts and crimes would be five years, rather than the ten year cumulative sentence imposed. No hearing was held to ascertain the truth as to such contentions. Nor was there as to the contention that the sentencing judge failed to make adequate inquiry to determine whether the pleas of guilty were voluntarily made. Cf. Shelton v. United States, 1958, 356 U.S. 26, 78 S.Ct. 563, 2 L.Ed.2d 579, reversing 5 Cir., 1957, 246 F.2d 571. As the pleas of guilty were all made and received under F.R.Crim.P. 20 for offenses committed outside of the sentencing district, this and the related contention that petitioner was not adequately advised as to his right to have counsel at all stages of the proceeding also presented matters closely tied in to the principal charge that all of this was

the result of the assurances concerning punishment.

In accordance with the many decisions of this Court just recently catalogued in Porter v. United States, 5 Cir., 1962, 298 F.2d 461, 464, the District Court should have held an appropriate hearing since the record did not conclusively show that the motion was without merit. Cf. United States v. Hayman, 1952, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232; Machibroda v. United States, 1962, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed. 473. Quite obviously we intimate no conclusions as to the truth of the principal charge or those related to it.

Reversed and remanded.