Leamon Victor BURGESS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17703.

United States Court of Appeals Ninth Circuit.

June 24, 1963.

Hartley Fleischmann, San Francisco, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Criminal Section, David Y. Smith, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before CHAMBERS, ORR and MERRILL, Circuit Judges.

ORR, Circuit Judge.

On May 13, 1957, appellant pleaded guilty to a violation of 18 U.S.C. § 2113 (a) (bank robbery) and is currently serving his sentence of fifteen years of imprisonment. Appellant filed a motion on January 19, 1960 (refiled February 12, 1960) with the District Court to vacate judgment and sentence pursuant to 28 U.S.C. § 2255 [1] on the ground that he was not properly brought before a commissioner for arraignment as required by Rule 5(a) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. This motion was denied for the reason that the motion, files and records of the case conclusively showed that appellant was entitled to no relief.

On March 15, 1960, appellant applied to the same District Court for a writ of habeas corpus. He alleged that his plea of guilty had been coerced. He stated that between the time of his arrest on April 17, 1957 and his arraignment on April 22, 1957, he was subjected to physical duress by police officers. He contended that they so skillfully beat him that they left no scars or bruises, and that the effect of the beatings was such as to put him in a state of fear sufficient to compel him to enter a plea of guilty at the time he was arraigned in federal court. Appellant also alleged that

he was in such a state of fear that he dared not divulge the treatment he had received to his lawyer or to the court when it questioned him as to whether or not he was freely and voluntarily pleading guilty.

This petition was dismissed without a hearing by the trial judge on the theory that appellant's remedy under Section 2255 was adequate and effective to test the legality of his detention.

Finally, on September 20, 1961, appellant filed another motion under Section 2255 to vacate the judgment and sentence. In this motion appellant alleges that he was detained for an unreasonable period in violation of Rule 5(a) of F.R. Crim.P. and that his confession obtained during this detention was coerced. He also contends that he was subjected to verbal and physical abuse in the following ways:

"1. On the day of your petitioner's arrest, he was held incommunicado with no lawyer present at an interrogation, where both verbal and physical abuse was used by agents of the Federal Bureau of Investigation;

"2. Although your petitioner asked for an attorney, no attorney was brought to him;

"3. Your petitioner was threatened with getting twenty-five years for the gun in his possession, although he had a permit from Las Vegas, Nevada, where he purchased the gun;

"4. Your petitioner was accused of numerous other robberies in all parts of the country;

"5. The agents of the Federal Bureau of Investigation promised him that if he

---

[1]. "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A motion for such relief may be made at any time.

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. * * *"

signed a confession, they would press no other charges and they would see that the gun count, calling for twenty-five years, would be withdrawn;

"6. Although your petitioner had just been released from a hospital the previous day, he was refused medical care and treatment until after the arraignment, when he was placed in the County Jail Hospital.

"As a result of the verbal and physical abuse and the promise of the agents of the Federal Bureau of Investigation that they would not press the gun charge against your petitioner, which might result in twenty-five years imprisonment, your petitioner signed the confession that they handed to him at the City Jail on April 17, 1957. Although this confession was not used in court, the psychological fact that your petitioner knew that the government had this confession in addition to the fear of the extra twenty-five years imprisonment, forced him to enter a plea of guilty * * *"

An affidvait sworn to by appellant was filed in support of said motion. No answer was filed and no hearing was had on said motion. The trial court dismissed the motion with the following order: "Upon the ground and for the reason that the motion and the files and records of the criminal case (No. 25888 Crim. in this Court) conclusively show that the prisoner, Leamon Victor Burgess, is entitled to no relief, his motion under 28 U.S.C. § 2255 is hereby denied."

We think this denial was error. The District Court's denial of appellant's prior application for Section 2255 relief is not determinative of this motion because the grounds for relief in each motion were not the same. The denial of appellant's application for habeas corpus is also not controlling because said denial was not on the merits. See Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148.

Our search of the record fails to disclose therein any fact or circumstance which *conclusively* shows that the appellant's plea of guilty was freely and voluntarily entered. See Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962).

The order denying the motion is reversed and the case is remanded with directions to the District Court to grant a hearing on appellant's Section 2255 motion.