John Francis LAUER, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 15336.

United States Court of Appeals Sixth Circuit.

Jan. 8, 1964.

Charles G. Atkins (Court appointed), Cincinnati, Ohio, for appellant; Goldman, Cole & Putnick, Cincinnati, Ohio, on the brief.

Arthur L. Brooks, Jr., Asst. U. S. Atty., Lexington, Ky., for appellee; Bernard T. Moynahan, Jr., U. S. Atty., Lexington, Ky., on the brief.

Before O'SULLIVAN, Acting Chief Judge, CECIL, Circuit Judge, and Mc-ALLISTER, Senior Circuit Judge.

PER CURIAM.

John L. Lauer, plaintiff-appellant, was tried before a jury in the United States District Court for the Eastern District of Kentucky on a charge of violation of Section 2312, Title 18, U.S.C. He was found guilty and sentenced to three years' imprisonment. Subsequently, he filed a motion under Section 2255, Title 28, U.S.C. to vacate his sentence. The district judge denied the motion without a hearing and this appeal followed.

The appellant filed an affidavit in the District Court in support of his motion. In this affidavit he alleges that he requested his court appointed counsel to call nine witnesses whose testimony would have been vital to his defense. Counsel, he claims, refused to call them for the alleged reasons that their testimony might involve parties unknown to the appellant and the court and that such testimony might antagonize the judge. The appellant says in his brief in the District Court that these witnesses would have testified that he could not have committed the crime because he was in their presence at the time of its commission.

These statements contained in the appellant's affidavit and brief are factual allegations, and, if true, would entitle him to have his sentence vacated. We are of the opinion that factual questions are presented which require a hearing in the District Court. Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473; Sanders v. United States, 373 U.S. 1, 19, 83 S.Ct. 1068, 10 L.Ed.2d 148.

The judgment of the District Court in denying the motion to vacate the sentence is vacated and the case remanded with instructions to conduct an appropriate hearing.

In the Machibroda case, the Court said 368 U.S. at p. 495, 82 S.Ct. at p. 514, 7 L.Ed.2d 473: "What has been said is not to imply that a movant must always be allowed to appear in a district court for a full hearing if the record does not conclusively and expressly belie his claim, no matter how vague, conclusory, or palpably incredible his allegations may be. The language of the statute does not strip the district courts of all discretion to exercise their common sense. Indeed, the statute itself recognizes that there are times when allegations of facts outside the record can be fully investigated without requiring the personal presence of the prisoner." See also Sanders v. United States, supra, 373 U.S. p. 20, 83 S.Ct. pp. 1079–1080, 10 L.Ed.2d 148.