Charles R. LUSE, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 7444.

United States Court of Appeals
Tenth Circuit.

Jan. 15, 1964.

Jay R. Bond, Oklahoma City, Okl.,
for appellant.

Merle R. Knous, Asst. U. S. Atty., Denver, Colo. (Lawrence M. Henry, U. S. Atty., Denver, Colo., with him on the brief), for appellee.

Before PICKETT, LEWIS and BREITENSTEIN, Circuit Judges.

PICKETT, Circuit Judge.

This is a proceeding under 28 U.S.C. § 2255, to set aside a judgment and sentence on the ground that the plea of guilty entered by the appellant Luse to one count of a 3-count information charging him with the violation of United States statutes relating to bank robbery, was not voluntary. In substance, it is alleged that the Assistant United States Attorney advised Luse's attorney that if he did not plead guilty to one count of the indictment, he would be tried on all three counts and that the United States Attorney would press for the maximum sentence on each count; that Luse was told by his attorney that the Assistant United States Attorney said Luse should be advised that "this was his last chance," and that he intended to "push it all the way," and that three additional charges were being prepared to present to the grand jury if Luse did not agree to plead guilty to one count. It is also alleged that a promise was made to Luse's attorney that, on a plea of guilty, the sentence would be not less than three years or more than six years; and it is further alleged that the attorney was told that if the plea of guilty was not forthcoming to the one count, it could be a year before the petitioner would be brought to trial. As to the last allegation, the record shows that the case would have been tried within a few days in the absence of a plea of guilty.

Upon the filing of the motion herein, the court assigned an attorney, other than the one who had represented Luse in the pre-trial matters, to represent him in this proceeding. Thereafter a preliminary hearing was had to determine the necessity of producing the defendant for a formal hearing on the mo-

tion. The assigned attorney reported, in effect, that because the alleged statements were not made to Luse by the Assistant United States Attorney, his presence at the hearing was not essential. The motion was set for final disposition on a later date. At the formal hearing, counsel for Luse reported that he could find no evidence which supported the allegations, and the motion was then denied. This appeal followed.

On July 6, 1962, appellant, Luse, appeared in the United States District Court for the District of Colorado, with an attorney of his own choice, where he waived indictment and consented to the filing of the information herein referred to. Luse was arraigned and entered a plea of not guilty. Notice was given on July 23 that the case was set for trial on August 13, 1962. Four days before the trial date, Luse again appeared in open court with his attorney, and advised the court that he desired to withdraw his plea of guilty to one of the counts in the information, and to enter a plea of guilty thereto, whereupon the court explained the charges in the information to the accused and his right to a trial by jury. The court was also careful to explain to Luse individually the possible sentence which could be imposed on the plea of guilty,[1] and upon assurance that the accused had discussed the matter with his attorney and fully understood the consequences of the plea of guilty, accepted the same. On September 7, 1962, Luse again appeared before the court with his attorney, for sentence. Before sentence was imposed, the attorney made a statement on behalf of his client. In answer to a question directed to Luse by the court, he responded that he had nothing to add to what had been stated. Thereupon the court sentenced Luse to a maximum term of nine and one-half years under the Inde-

terminate Sentence Act, 18 U.S.C. § 4208(a) (2). No objection was made by Luse or his attorney. The United States Attorney then dismissed the two remaining counts in the information.

It is well established that "A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void," and a judgment and sentence entered thereon is subject to attack by a 28 U.S.C. § 2255 proceeding. Machibroda v. United States, 368 U.S. 487, 493, 82 S.Ct. 510, 513, 7 L.Ed.2d 473. Under the provisions of Section 2255, unless the motion and the files and records conclusively show that the prisoner is entitled to no relief, a prompt hearing on the motion shall be had, at which the court shall determine the issues and make findings of fact and conclusions of law with respect thereto. It is specifically provided in the statute that "A court may entertain and determine such motion without requiring the production of the prisoner at the hearing." Clearly, in an appropriate case, such a motion may be heard and disposed of in the absence of the prisoner. Machibroda v. United States, supra. In Sanders v. United States, 373 U.S. 1, 20–21, 83 S.Ct. 1068, 1080, 10 L.Ed.2d 148, the court said:

"This is not to say, however, that it will automatically become necessary to produce petitioner at the hearing to enable him to testify. Not every colorable allegation entitles a federal prisoner to a trip to the sentencing court. Congress, recognizing the administrative burden involved in the transportation of prisoners to and from a hearing in the sentencing court, provided in § 2255 that the application may be entertained and determined 'without requiring the production of the prisoner at the

1. During this arraignment proceeding, the following occurred:
"The Court: And you also understand the possible penalty which the Court is enpowered (sic) to impose here and that it is ten years in prison and a fine not to exceed $5,000.00.

The Defendant: Yes, sir.
The Court: In light of all that do you persist in this plea of guilty?
The Defendant: Yes, Your Honor."

hearing.' This does not mean that a prisoner can be prevented from testifying in support of a substantial claim where his testimony would be material. However, we think it clear that the sentencing court has discretion to ascertain whether the claim is substantial before granting a full evidentiary hearing. In this connection, the sentencing court might find it useful to appoint counsel to represent the applicant. Cf. Coppedge v. United States, 369 U.S. 438, 446 [82 S.Ct. 917, 8 L.Ed.2d 21]. * * * We leave to the District Court, in its sound discretion, the question whether the issue of abuse of the motion remedy, if advanced by respondent, or the issue on the merits, can under the circumstances be tried without having the prisoner present."

From his first appearance in court until final disposition of this motion, Luse was represented by competent counsel. In addition, throughout all of the proceedings, including his plea of guilty and sentence, the court was careful to direct inquiries to the prisoner as to his knowledge of his Constitutional rights and the effect of his plea of guilty. When the motion was filed, the suggestions in Machibroda v. United States, supra, and Sanders v. United States, supra, were followed, and an attorney was appointed immediately to represent the prisoner. A preliminary hearing was held to determine if there was any substance to the allegations. If Luse had been present at the hearing on the motion, he could have testified only to what his attorney told him. In the order denying the motion, after reviewing the entire proceedings, the court said:

"There is one other factor I think ought to be in the record, and that is that these individuals are pretty strong characters. They are not weaklings who would scare very easily and who would thus be susceptible to the kind of coercion that, or be subject to any misapprehension such as that which they allege. They are pretty alert and they are not weak-kneed characters from the physical or mental standpoint, I don't think."

 It appears to us that this is an exemplary case where the District Court, in the "exercise of its sound discretion" and the use of "common sense" referred to in Machibroda v. United States, supra, and Sanders v. United States, supra, should overrule the motion without requiring the prisoner to be present at the hearing.[2]

Affirmed.

2. This is not a case like Ellison v. United States, 10 Cir., 324 F.2d 710, and Nipp v. United States, 10 Cir., 324 F.2d 711, where the question of the mental competency of the prisoners to enter pleas of guilty was raised, and the motions were disposed of by the trial court without a hearing and without following the admonition appearing in the case of Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473, and Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148.