**Rush O. NICHOLS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 20692.**

United States Court of Appeals
Fifth Circuit.

Dec. 20, 1963.

Rehearing Denied Jan. 27, 1964.

Rush O. Nichols, for appellant.

B. H. Timmins, Jr., Asst. U. S. Atty., Dallas, Tex., for appellee.

Before TUTTLE, Chief Judge, and BROWN and GEWIN, Circuit Judges.

PER CURIAM:

■ This is the second appeal from a denial of a motion to vacate sentence un-der 28 U.S.C.A. § 2255. Appellant filed the motion on January 23, 1962. The District Court dismissed it in March 1962 without a hearing. We reversed and remanded the case for a hearing. Nichols v. United States, 5 Cir., 1962, 310 F.2d 374. Pursuant to our order of remand, the District Court conducted a full and fair hearing, Porter v. United States, 5 Cir., 1962, 298 F.2d 461; cf. Machibroda v. United States, 1962, 368 U.S. 487, 494–495, 82 S.Ct. 510, 7 L.Ed. 2d 473, at which Appellant appeared in person and through court-appointed counsel. As we earlier pointed out, the contention requiring a hearing was Appellant's claim that his pleas of guilty in the cases [1] were made because of a promise of an Assistant United States Attorney—who had died prior to the time the motion was filed—that Appellant would only receive 5 years if he entered a guilty plea.[2] On the hearing Appellant testified in great detail in support of this as well as all other contentions alleged in the motion. The District Judge, in a detailed analysis stated into the record, expressly found the facts to be contrary to Appellant's contentions. There is ample evidence in the record—both direct and circumstantial—to support the District Court's action in resolving the decisive factual controversies.

■ The other specifications of error have been carefully examined, and we find them to be without merit. A full and fair hearing was accorded. Fact decisions having decisive consequence were reached on evidence which was ample under the clearly erroneous concept of F. R.Civ.P. 52(a). There it ends.

Affirmed.

1. They were transferred to the Northern District of Texas under F.R.Crim.P. 20. The information in No. 9926 charged 8 violations of 18 U.S.C.A. § 500 by the forging and passing of 4 postal money orders at Oklahoma City, Oklahoma on 4 different days in November 1958. The information in No. 9936 charged a violation of 18 U.S.C.A. § 2115 by breaking and entering into a United States Post Office at Royal, Arkansas on November 6, 1959.

2. The Court imposed a sentence of 10 years in No. 9926 and 2 years in No. 9936—the 2-year sentence to run concurrently with the longer sentence.