**Richard Albert ROMERO and Earl Roy Wallace, Appellants,**

v.

**UNITED STATES of America, Appellee.**

No. 20898.

United States Court of Appeals Fifth Circuit.

Feb. 7, 1964.

Richard A. Romero, Earl Roy Wallace, Carl Estes, Houston, Tex., for appellants.

M. H. Raney, Asst. U. S. Atty., El Paso, Tex., James R. Gough, Asst. U. S. Atty., Houston, Tex., Woodrow Seals, U. S. Atty., for appellee.

Before HUTCHESON, BROWN, and BREITENSTEIN,* Circuit Judges.

PER CURIAM:

This is an appeal in forma pauperis from an order of the district judge denying a Section 2255 petition. It is a very simple case in which the district judge erroneously construed the statute requiring a hearing on a Section 2255 petition and, based upon this misconstruction, denied the applicants the hearing which, upon the allegations of the motion, the statute requires. The judg-

ment must, therefore, be reversed and the cause remanded with directions to afford the applicants a hearing.

The error of the district judge arose out of his reliance on his interpretation of a recent Supreme Court case, Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473.

Years ago, in an opinion by the then Chief Justice Vinson, The Supreme Court, in United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232, carefully canvassed this statute and laid down the guide lines which have never been, and cannot be, departed from. The Machibroda case, on which the memorandum opinion of the district judge relies, contains nothing to the contrary of that decision, indeed it cites and approves the Hayman case.

The point made by the appellants is that their pleas were not true voluntary pleas of guilty, because they were based on reliance on statements of government agents that the judge was a lenient judge and that if applicants would cooperate with the government, they felt sure that the judge would treat all the charges against them as one by sentencing them as though they were one and that, having entered their pleas of guilty because of that assurance, they were therefore shocked and disturbed when the district judge, instead of giving them five years, sentenced them to three five year sentences to run consecutively.

The district judge, in denying the motion without a hearing, fell into his error by undertaking to rely upon an affidavit of the district attorney, that no statements of the kind charged were made, and upon his own finding and conclusion, that the claim of the applicants, that such promises were made, was ridiculous and preposterous upon its face. This he could not do. Cf. United States v. Hayman, supra, and Machibroda v. United States, supra, 368 U.S. at p. 494, 82 S.Ct. at pp. 513–514, 7 L.Ed.2d 473.

While both appellants are making the same contention that the pleas of guilty

* Of the Tenth Circuit, sitting by designation.

were not voluntary, it was Wallace with whom the court had most of his colloquy and whose claim, that he was persuaded to plead guilty by the assurance of the government agent, was most vigorously urged below. We think, though, that there is no question but that both the appellants are to be regarded as making in effect the same contention, and that the judgments as to both must be reversed.

Reversed and remanded with directions to afford the applicants a hearing.