UNITED STATES of America,

v.

Thomas Carmine SAMMARA, Appellant.

No. 14656.

United States Court of Appeals
Third Circuit.

Argued March 3, 1964.

Decided April 2, 1964.

D. F. Moore Craig, Newark, N. J. (Joseph F. Walsh, Newark, N. J., on the brief), for appellant.

Oliver Lofton, Asst. U. S. Atty., Newark, N. J. (David M. Satz, Jr., U. S. Atty., Newark, N. J., on the brief), for appellee.

Before McLAUGHLIN and FORMAN, Circuit Judges, and LEAHY, District Judge.

PER CURIAM.

This case is an excellent example of the responsible concern being exercised by the district courts, in their scrutiny of guilty pleas by indigents and matters in connection therewith. It is also a routine illustration of the constant, outstanding service by attorneys of this circuit in the defense of such defendants.

On April 4, 1963, appellant was arrested and arraigned in connection with alleged knowledgeable possession of an allegedly stolen United States Treasury check, forging and uttering same. The Commissioner fixed bail at $1,000. The latter was furnished and appellant released the same day. He was indicted May 17, 1963 for possessing stolen United States Treasurer's check knowing same to have been stolen; forging United States Treasurer's check; uttering

1

United States Treasurer's check. On May 6, 1963 he pleaded not guilty and the bail was continued. On June 14, 1963 he appeared before the district court accompanied by his assigned counsel for the purpose of retracting his plea of not guilty and pleading guilty to count 1 of the indictment. At that time the court thoroughly explained to appellant the nature of the charges against him, of the guilty plea and its possible consequences. The court asked counsel if he had explained the situation to appellant. Counsel replied in detail that he had. Thereafter the following occurred:

"The Court: And with that in mind have you authorized counsel to request the Court to permit you to retract your plea of not guilty and enter a plea of guilty to the first count?

"The Defendant: Yes, your Honor.

"The Court: And you do so plead guilty?

"The Defendant: Yes, sir.

"The Court: Have any promises been made to you, any threats?

"The Defendant: No, your Honor."

The plea of guilty to count 1 was accepted and the $1,000 bail continued for sentence. On July 3, 1963 sentence was pronounced on count 1 of the indictment and the other two counts dismissed. A defense notice of motion to withdraw the guilty plea, reinstate the not guilty plea and set the case down for trial was filed on July 16, 1963.

On July 29, 1963 there was a hearing on the motion. Appellant was in court. His attorney called the court's attention to appellant's affidavit, saying:

"Paragraph 4 states the following: Upon being arrested a Justice Department agent threatened him that unless he signed a statement admitting the theft and possession of a Government check he would recommend to the United States Commissioner the fixing of a $10,000 bail bond, but if he would sign the statement, if your Honor please, he would recommend a bail bond be fixed in the sum of $1,000. Because of this promise, if your Honor please, and this reward, Mr. Sammara did sign a statement and his bail was set at $1,000."

The court asked what had that to do with appellant's later retraction of his not guilty plea. Counsel advised that appellant contended he had signed the statement admitting his guilt solely because of the promise of bail reduction, that appellant repudiated that admission and wanted to go to trial and prove that he did not steal the check. The court noted that the statement had been made the previous April and that the hearing on the retraction of the not guilty plea took place over two months later. The court told counsel that he could put appellant on the stand and ask him the circumstances surrounding the statement. This was declined for the reason that it would only be a reiteration of appellant's statement of the circumstances and of his denial of guilt.

The court then found orally, inter alia,

"On June 14, 1963, the defendant appeared before Judge Meaney for the purpose of retracting his not guilty plea to count 1 of the indictment and to plead guilty thereto. He appeared with able counsel, Mr. Michael Santa Maria, and Judge Meaney explained to the defendant the possible consequences of his retraction. Being fully advised in the premises the defendant withdrew his not guilty plea to count 1 of the indictment and pleaded guilty thereto.

"The Court is completely satisfied from a reading of the transcript of the retraction proceeding before Judge Meaney that the defendant clearly understood the consequences that might follow his guilty plea and that he voluntarily entered such a plea.

"In addition it must be noted this defendant is not a first offender and it can't be said he is a stranger to criminal proceedings in the state and

federal courts, and I have no doubt at all that Mr. Santa Maria explained to the defendant what his rights were in the matter and what might result from a plea of guilty."

The motion was denied and counsel permitted to withdraw, with the thanks of the court. On July 30, 1963, a formal order denying the motion to withdraw the plea of guilty and for reduction of sentence was entered. In part that order stated:

" * * * the Court being satisfied that the plea of guilty to the first count of the indictment was made by the defendant, Thomas Carmine Sammara, voluntarily in the presence of his counsel after proper advice and with a full understanding of the consequences, and without threat or promise and other good and sufficient reason appearing therefor, * * *."

An appeal was taken pro se. On appeal new counsel was assigned who printed his brief and appendix at his own expense. The argument on behalf of appellant strongly attacks the only possible vulnerable point in this case, whether the findings of fact and conclusions of law satisfied the statute. 28 U.S.C.A. § 2255. It sharply and in lawyer-like fashion stresses the requirement for these and suggests their absence. Machibroda v. United States, 368 U.S. 487, 494, 82 S. Ct. 510, 7 L.Ed.2d 473 (1962). Of necessity, the contention here must depend upon technicalities so that the success of the carefully arrived at result is more apparent than real.

There was a full, fair hearing in this proceeding, with the court alert to the prime question before it. Clearly, from the record, long after appellant had allegedly been allowed low bail in exchange for an incriminating statement, he changed his plea from not guilty to guilty. This gave rise to the one important issue before the court—was that change of plea entered voluntarily and with full understanding of all the surrounding circumstances. The court in the two above quoted instances categorically found that it was. The exact grounds of the decision by the hearing judge were unmistakably set down. They have given this court an immediate and accurate understanding of the problem before us and the facts on which it is based. Michener v. United States, 177 F.2d 422 (8 Cir. 1949).

The order of the district court will be affirmed.