**Jack R. LYNOTT, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 15717.**

United States Court of Appeals
Third Circuit.

Argued April 22, 1966.

Decided May 13, 1966.

William Richter, New York City, for appellant.

John N. Ellsworth, Asst. U. S. Atty., Newark, N. J. (David M. Satz, Jr., U. S. Atty., Newark, N. J., on the brief), for appellee.

Before KALODNER, GANEY and SMITH, Circuit Judges.

WILLIAM F. SMITH, Circuit Judge.

The appellant was convicted on his plea of guilty to an indictment charging him with the interstate transportation of a stolen motor vehicle, knowing the same to have been stolen, in violation of § 2312 of Title 18 U.S.C.A. After serving approximately four months of a term of imprisonment of three years he filed a motion under Fed.Rules Cr.Proc., rule 32(d), 18 U.S.C.A., to withdraw his plea of guilty, and a motion under § 2255 of Title 28 U.S.C.A., to vacate and set aside his conviction and sentence. The present appeal is from the denial of these motions without a hearing.

The motions for relief, supported only by the personal affidavits of the appellant, allege that the plea of guilty was induced by threats and promises of leniency. This allegation is in direct contradiction of the record made by the appellant at the time of his arraignment. The only question is whether the allegation, viewed in the light of the record of the case, was such as to require an evidentiary hearing.

The appellant, represented by court appointed counsel, was arraigned on November 9, 1964, at which time he entered a plea of "not guilty." Approximately two months later, on January 7, 1965, he again appeared before the court for the purpose of retracting his earlier plea and entering a plea of guilty. At that time the following colloquy took place:

MR. KRIVIT [Defense Counsel]: "Your Honor, this is a motion for leave to withdraw a prior plea to this indictment of not guilty and at this time enter a plea to the indictment of guilty. I have conferred with Mr. Lynott. He advises me that he is guilty of this crime. I advised him that the maximum penalty is five thousand dollar fine and five years in jail. He understands this. He withdraws the plea voluntarily without promises made by me, by the United States Attorney, or by anybody. He stands before you, sir, to be prepared to plead guilty to this indictment."

THE COURT: "I have no doubt of the truth of your representations, Mr. Krivit, but I want what you have said to come directly from the mouth of the defendant."

Following this colloquy the court adequately advised the appellant as to the nature and substance of the charge contained in the indictment, the effect of a plea of guilty, and the possible consequences of such a plea, including the maximum permissible punishment. Dur-

ing a meticulous examination conducted by the court the appellant stated that he was guilty of the offense charged; that he was aware of the effect and consequences of his proffered plea; and that the plea was not induced by any "promise, or threat or other consideration." It is clear from the record that the plea was not accepted until after the court had satisfied itself that it was voluntary.

Sentence was imposed on March 19, 1965, more than two months after the guilty plea was accepted. During the interim between the acceptance of the plea and the imposition of sentence the appellant admittedly made no complaint to the court that his plea was not voluntary. After the imposition of sentence the court asked the appellant, "Have you anything to say about this?" The appellant answered, "No, sir. I thank the Court."

The court below found "from the files and records of the case that [appellant's] plea was made voluntarily without any threats or promises made to him." This finding is amply supported by the appellant's statement made at the time of his arraignment. On the basis of the finding the court concluded that the appellant was entitled to no relief.

■■ It is the general rule that an allegation of fact made in support of a motion for relief under § 2255, supra, must be accepted as true and will ordinarily entitle the movant to a judicial hearing at which he and his witnesses may be heard. United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952); Machibroda v. United States, 368 U.S. 487, 489–496, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962). However, such a hearing is not required if "the motion and the files and records in the case conclusively show that the [movant] is not entitled to relief." Putnam v. United States, 337 F.2d 313 (10th Cir. 1964); United States v. Davis, 319 F.2d 482 (6th Cir. 1963); Cain v. United States, 271 F. 2d 337 (8th Cir. 1959); Juelich v. Unit-

ed States, 257 F.2d 424 (6th Cir. 1958), cert. den. 358 U.S. 847, 79 S.Ct. 72, 3 L.Ed.2d 81; Burgett v. United States, 237 F.2d 247 (8th Cir. 1956), cert. den. 352 U.S. 1031, 77 S.Ct. 596, 1 L.Ed.2d 599. Where, as in the instant case, the factual allegation is contradicted by the record made by the movant during the criminal proceeding, he is entitled to no relief and his motion may be dismissed without hearing. Ibid.

In Burgett v. United States, supra, a case substantially similar to the one now before us, the Court stated at 237 F.2d page 251:

"A defendant, having been represented by competent counsel, having been given every opportunity and right afforded by the law and having entered a plea of guilty, may not, without some reasonable basis, come into court years later and repudiate his prior plea. It is not the intent of Section 2255 nor the meaning of United States v. Hayman, supra, to require a hearing upon the mere assertion that a prior plea was false. To so interpret the statute and the Hayman case is to say that every time a defendant desires to change his mind as to the reason for entering a plea a hearing must be held with the defendant present."

■ The appellant's present counsel here contends for the first time that his client was not afforded "an opportunity to make a statement in his own behalf" prior to the imposition of sentence. The question raised by this contention is not properly before us. It was held in Hill v. United States, 368 U.S. 424, 426, 82 S. Ct. 468, 7 L.Ed.2d 417 (1962), that "the failure to follow the formal requirements of Rule 32(a) is not of itself an error that can be raised by collateral attack" in a proceeding under § 2255, supra. The error is one which can be raised only on direct appeal from the judgment.

The judgment of the court below will be affirmed.