**Wilmer W. EVANS, Appellant,**

v.

**Frank A. EYMAN, Warden Arizona State Prison, and State of Arizona, Appellees.**

**No. 20260.**

United States Court of Appeals
Ninth Circuit.

July 13, 1966.

Wilmer W. Evans, in pro. per.

Darrell F. Smith, Atty. Gen. of Arizona, James S. Tegart, Asst. Atty. Gen., Phoenix, Ariz., for appellees.

Before HAMLEY and JERTBERG, Circuit Judges, and THOMPSON, District Judge.

HAMLEY, Circuit Judge:

Wilmer W. Evans, in Arizona penal custody following his state conviction and sentence for first-degree murder, appeals from a district court order, entered without hearing, denying his application for a writ of habeas corpus.

Nine asserted grounds for relief are set out in Evans' application for a writ. We agree with appellee, however, that only one of these presents a question cognizable in a federal habeas corpus proceeding by a state prisoner. That ground is stated in the application as follows:

"Conspiracy between the County Prosecutor and 2 inmates to lie under Oath

on the witness stand against Petitioner. * * * County Prosecutor promised 2 inmates immunity from going to Prison if they would testify against Petitioner, knowing Petitioner and both of them were having trouble in the Jail. Neither one went to Prison after they testified."

No show cause order was issued, but the district judge wrote to several attorneys who had been connected with the case, soliciting their comments. Responsive to such a request, Harold A. Beelar, the County Attorney of Gila County, Arizona, who prosecuted Evans, filed an affidavit. He therein alleged that the two inmates to which Evans referred in his application were Raymond Jones and Wayne Munson, and that they had testified that, while a prisoner in the Gila County jail, Evans told them that he was guilty of the crime. Beelar alleged that he had tried to locate these witnesses for interrogation in connection with the charge made by Evans in his application for a writ, but that they could not be found. Beelar alleged that, at the time of Evans' trial, Jones was serving a jail sentence in the Gila County jail for drunken driving, and Munson was serving a sentence in the Arizona State Prison.

Beelar further alleged in his affidavit that he did not promise these men immunity as contended by Evans, immunity being impossible because they were already serving sentences. Beelar denied Evans' allegation that neither Jones nor Munson went to prison after they testified, asserting that they were already serving their sentences. Beelar also alleged that there was never a conspiracy between the prosecutors and Jones and Munson, of the kind referred to in Evans' application. The prosecutor alleged, in addition, that these witnesses volunteered their information to the sheriff immediately before and during the trial.

On the day that the Beelar affidavit was filed, the district court denied the application without hearing. In this order, the court stated that it had "investigated" Evans' contention, referred to Beelar's affidavit, and noted that the court had been unable to locate Jones or Munson. The court further stated that in the face of Beelar's affidavit " * * * the Court can only presume that witnesses who testify under oath are telling the truth, and that therefore there existed no conspiracy to lie as urged by petitioner." While this sounds like a determination of fact, the court then went on to state in its order that Evans " * * * has failed to set forth facts which would entitle him to relief." The application was "(a)ccordingly" denied.

Upon learning of this order, Evans advised the court that he had not submitted all of the information in his possession. The court thereupon set aside the order of denial " * * * pending receipt of answering affidavits from petitioner. * * * " Evans then filed an affidavit in which he asserted that Beelar's affidavit is completely false. Referring to Beelar's allegation that Jones was serving a jail sentence in Gila County jail during the murder trial, Evans alleged that the trial record would show that he was in Maricopa County during that time. With regard to Beelar's statement that Munson and Jones volunteered their information to the sheriff immediately before and during the trial, Evans alleged that Jones was serving time in Maricopa County jail and Munson was in Arizona Prison.

Evans also asserted, in effect, that Beelar had made an inadequate effort to locate Jones and Munson, alleging among other things that no inquiry had been made of the newly-elected sheriff who had no connection with the prosecution of the case. Additionally, Evans alleged that Munson, a three-time felony offender, was "suddenly" given a sentence of one year and a day. Evans also asserted that Munson had told the other prisoners: "Jack [the then sheriff, Jack Jones] made a deal with me the prosecute [sic] will see to it that I don't get more than a year and a day."

In addition to his own reply affidavit, Evans submitted an affidavit by Donald

G. O'Malley, who had been an inmate at the Gila County jail when Evans was incarcerated there prior to the trial. O'Malley alleged, among other things:

"Sheriff Jack Jones of Gila County tried to get affiant to be a Witness for him in Wilmer Evans trial. Affiant told Sheriff Jones that he did not know anything about Evans. Sheriff Jones told affiant that he would tell him what to say on the witness stand, and that affiant would benefit by doing so later on."

A few days after these affidavits from Evans and O'Malley were filed, the district court, again proceeding without a hearing, entered an order denying the application for a writ " * * * for the reason that there existed no conspiracy to lie as urged by petitioner."

■■■ A conviction obtained through use of false evidence, known to be such by representatives of the state, is invalid under the Fourteenth Amendment. Napue v. People of State of Illinois, 360 U.S. 264, 269, 79 S.Ct. 1173, 3 L.Ed.2d 1217. The counter affidavits referred to above presented a question of fact whether, in the prosecution of Evans, the state made knowing use of perjured testimony. The district court determined that issue of fact on consideration of the affidavits, and without affording a hearing thereon.

Such a course has been impermissible since at least Walker v. Johnston, 312 U.S. 275, 285, 61 S.Ct. 574, 85 L.Ed. 830. The Supreme Court reaffirmed this view as recently as Machibroda v. United States, 368 U.S. 487, 494, 82 S.Ct. 510, 7 L.Ed.2d 473. The same rule was recognized and applied by this court in the recent case of Wright v. Dickson, 9 Cir., 336 F.2d 878, 883, where we said:

"Therefore, to the extent that they were in conflict with appellant's allegations, the assertions in the affidavit of the District Attorney did no more than create issues to be resolved at an evidentiary hearing. If denials by the prosecuting officer were conclusive, few hearings would be held." (Footnote omitted.)

Appellee makes reference to language in Townsend v. Sain, 372 U.S. 293, 313, 83 S.Ct. 745, 9 L.Ed.2d 770, quoted in the margin, outlining the circumstances under which a federal court must grant an evidentiary hearing in a habeas corpus proceeding where a factual dispute is presented.[1] As indicated by the quoted language, an evidentiary hearing must be granted where a factual issue is presented, unless the merits thereof were resolved in a state hearing under the indicated conditions and subject to the stated exceptions.

The factual issue concerning Evans' perjured testimony point has never been presented in a state hearing, as appellee concedes in his brief. Therefore, under Townsend v. Sain, as well as under the other decisions cited above, such a hearing in the federal habeas court was required.

Reversed and remanded for further proceedings consistent with this opinion. We think the district court will conclude that, in such further proceedings, Evans will need the assistance of counsel unless he insists upon representing himself.

---

[1]. The Supreme Court said (at page 313, 83 S.Ct. at page 757):

"We hold that a federal court must grant an evidentiary hearing to a habeas applicant under the following circumstances: If (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing."