427 P.2d 10

STATE of New Mexico, Plaintiff-Appellee,

v.

Harry Edgar ROBBINS, Defendant-Appellant.

No. 8306.

Supreme Court of New Mexico.

May 1, 1967.

James M. H. Cullender, Thomas B. Forbis, Roswell, for appellant.

Boston E. Witt, Atty. Gen., Donald W. Miller, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

OMAN, Judge, Court of Appeals.

The defendant was informed against and prosecuted on a charge of armed robbery. At the trial the State had adduced evidence from six witnesses, but had not rested its case, when the court announced a trial recess.

Following the recess, but before the jury had been returned to the courtroom, the assistant district attorney who was handling the prosecution, informed the court that he believed Mr. Snead [court-appointed counsel for defendant] had something to say. Thereupon, the following proceedings took place:

"MR. SNEAD: If the Court please, the Defendant advises that he desires to plead to the charge filed against him:

"THE COURT: Stand up, please.

"MR. SNEAD: I was advised by the defendant that he desires to withdraw his plea of not guilty to the charge and enters a plea of guilty. I am advised by the Defendant that he desires to withdraw his prior plea of not guilty to the charge against him and enter a plea of guilty.

"THE COURT: Is this correct, Mr. Robbins?

"THE DEFENDANT: That's right.

"THE COURT: Have any promises of any kind been made to you as to what the Court may do by reason of a change of this plea?

"THE DEFENDANT: No, sir.

"THE COURT: Is it freely and voluntarily made?

"THE DEFENDANT: That's right.

"THE COURT: And after you have had the advice of counsel?

"THE DEFENDANT: That's right.

"THE COURT: And after you have heard the testimony introduced in the case by the State?

"THE DEFENDANT: Yes, sir.

"THE COURT: The plea will be received."

Defendant's counsel then announced that defendant desired to waive a pre-sentencing

report and to submit himself for sentencing at that time. He called to the court's attention that defendant had a prior criminal record.

The court inquired of defendant if he did desire to waive the pre-sentence report, and defendant responded, "Yes, sir."

The court then advised defendant that the court had before it the defendant's F.B.I. record; that in the event further proceedings should be taken, the court may be required to later change the sentence about to be given; and that the court was not going to direct that further proceedings be taken, but that this would be a matter for the district attorney to determine.

The court thereupon sentenced defendant to a term of not less than ten nor more than fifty years in the State Penitentiary, commencing April 19, 1965. Defendant thanked the court, and this concluded the proceedings, except for some discussion between the court and counsel concerning the disposition of some of the exhibits.

On August 5, 1966, defendant filed a motion pursuant to Rule 93 of the Rules of Civil Procedure for the district courts of New Mexico, which appears as § 21-1-1 (93), N.M.S.A.1953 (1966 Interim Supp.). Two grounds were asserted in support of his motion. The one ground was that the oral confession obtained by the police and admitted into evidence was contrary to his constitutional rights. This claim is no longer asserted by defendant.

The ground with which we are here concerned is the claim that " * * * Defendant was persuaded to enter a plea of guilty by the promises of the District Attorney and implied threats of the District Attorney by which he was induced to enter a plea of guilty."

An affidavit by one Paul Snead, the attorney who was appointed to represent defendant in the criminal proceedings, was attached to the motion as an exhibit. In this affidavit Mr. Snead states:

"That during the course of that trial, the Assistant District Attorney, * * * stated to this affiant that he would not file upon the said defendant for being an habitual criminal if the defendant would plead guilty, provided he was not ordered to do so by the Judge, and that as a result of said promise, the said Harry Edgar Robbins changed his plea to guilty, after said information was given him by this affiant."

Mr. Snead struck from the affidavit the words, "with the implied threat" before he executed the same.

Upon consideration of the motion, the district judge, who was the same judge who presided at the trial and who accepted the plea, filed a memorandum wherein he recited, among other things, the proceedings

to which reference is above made and that the defendant had not been deceived, but had freely and knowingly plead guilty. He then entered an order denying the motion. It is from this order that this appeal was taken.

Defendant takes the position that under the facts, as presented by the motion and the files and records of the case, the trial court was required under Rule 93 to grant a prompt hearing. He further urges that if the trial judge could properly have ruled on the motion without a hearing, then the trial court was required under the law to set aside the judgment and sentence of the court and grant defendant a new trial.

▬ Our Rule 93 was adopted from 28 U.S.C. § 2255, and the proceedings thereunder are civil and not criminal. State v. Weddle, 77 N.M. 420, 423 P.2d 611.

In Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962), one of the cases relied upon by defendant, and which involved a motion filed pursuant to 28 U.S.C. § 2255, it is stated:

\* \* \* \* \* \*

"What has been said is not to imply that a movant must always be allowed to appear in a district court for a full hearing if the record does not conclusively and expressly belie his claim, no matter how vague, conclusory, or palpably incredible his allegations may be. The language of the statute does not strip the district courts of all discretion to exercise their common sense. \* \* \*"

See also Olive v. United States, 327 F.2d 646 (6th Cir. 1964). Compare Putnam v. United States, 337 F.2d 313 (10th Cir. 1964); Lynott v. United States, 360 F.2d 586 (3rd Cir. 1966).

In Machibroda the contention made by petitioner was that the assistant United States district attorney had made promises to him personally and had cautioned him not to tell his lawyer about the conversations in which the promises were made, that when he threatened to advise his lawyer and the court about what had transpired the assistant United States attorney told him if he "insisted in making a scene" certain other matters would be added to his difficulties.

The United States filed a memorandum in opposition to the motion, attaching an affidavit of the assistant United States attorney, emphatically denying any promises or coercion with respect to petitioner's pleas of guilty.

The Supreme Court of the United States held that the district court should have granted a hearing, but this was because there were controverted issues of fact which could not be resolved by reference to the record in the case, and because the allegations contained in the petition and

**648**

affidavit, if true, would entitle petitioner to have the sentence vacated. See to the same effect, United States ex rel. McGrath v. LaVallee, 319 F.2d 308 (2d Cir. 1963); Romero v. United States, 327 F.2d 711 (5th Cir. 1964); Scott v. United States, 349 F. 2d 641 (6th Cir. 1965); Del Piano v. United States, 362 F.2d 931 (3rd Cir. 1966); Evans v. Eyman, 363 F.2d 540 (9th Cir. 1966).

In the present case defendant has consistently urged in his briefs and in oral argument before this court that the facts set forth in Mr. Snead's affidavit are uncontroverted, which is true. If these facts constitute grounds for relief, then the trial court erred in denying the motion without a hearing. Burgess v. United States, 319 F. 2d 345 (9th Cir. 1963); Nichols v. United States, 310 F.2d 374 (5th Cir. 1962); Lauer v. United States, 325 F.2d 990 (6th Cir. 1964); Pike v. United States, 330 F.2d 53 (5th Cir. 1964); Gill v. United States, 325 F.2d 505 (5th Cir. 1964), rev'd on rehearing 330 F.2d 241 (5th Cir. 1964); Doyle v. United States, 336 F.2d 640 (9th Cir. 1964); Burleson v. United States, 340 F.2d 387 (8th Cir. 1965); Davis v. Johnson, 354 F.2d 689 (6th Cir. 1966). But see Parker v. United States, 358 F.2d 50 (7th Cir. 1966).

■■ It is conceded by the State that a guilty plea must be voluntarily made. If it is not voluntarily made, but is, in fact, induced by promises or threats, then it is void

and subject to collateral attack. Machibroda v. United States, supra. An involuntary plea is inconsistent with the constitutional guarantee of due process. Lattin v. Cox, 355 F.2d 397 (10th Cir. 1966). But when a plea of guilty is made voluntarily after proper advice of counsel and with a full understanding of the consequences, the plea is binding. Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 71 L.Ed. 1009 (1927); Lattin v. Cox, supra.

■ The motion, affidavit and record in this cause clearly show or imply: (1) That the defendant was represented by a competent attorney; (2) That the plea discussion was between the assistant district attorney and defendant's attorney; (3) That defendant's attorney informed and discussed with defendant the proposal made by the assistant district attorney; (4) That defendant's attorney informed the court that defendant wished to change his plea to guilty, and this was done in the hearing and presence of defendant; (5) That defendant himself advised the court he wished to change his plea to guilty, and this was done in the hearing and presence of his attorney; (6) That defendant advised the court that he was voluntarily changing his plea to guilty, and this was done in the hearing and presence of his attorney; (7) That defendant and his attorney fully understood the consequences of the plea of guilty; (8) That defendant and his attorney waived a pre-sentence report, requested that the sen-

tence be pronounced and acquiesced in and agreed to the sentence, and defendant thanked the court.

Nothing further was required to conclusively show that defendant did voluntarily change his plea from not guilty to guilty after proper advice from competent counsel, that he did understand the consequences of his act in changing his plea, and that he is not entitled to relief. See Kercheval v. United States, supra; Lattin v. Cox, supra; Martin v. United States, 256 F.2d 345 (5th Cir. 1958); Luse v. United States, 326 F.2d 338 (10th Cir. 1964); United States v. Sammara, 330 F.2d 1 (3rd Cir. 1964); United States ex rel. Marinaccio v. Fay, 336 F.2d 272 (2d Cir. 1964); Busby v. Holman, 356 F.2d 75 (5th Cir. 1966); Barber v. Gladden, 220 F.Supp. 308 (D.Or.1963), aff'd 327 F.2d 101 (9th Cir. 1963), cert. denied 377 U.S. 971, 84 S.Ct. 1654, 12 L.Ed. 2d 741 (1964).

Defendant was ably represented by competent counsel in the criminal proceedings, and he has been ably represented by competent counsel in the prosecution of his motion under Rule 93 in both the district court and in his appeal before this court.

It follows from what has been said that the order should be affirmed.

It is so ordered.

NOBLE and CARMODY, JJ., concur.