Bobby Ray GILL, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 28222
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Jan. 20, 1970.

Bobby Ray Gill, pro se.

C. S. White-Spunner, Jr., U. S. Atty., Irwin W. Coleman, Jr., Asst. U. S. Atty., Mobile, Ala., for respondent-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

DYER, Circuit Judge.

■ Gill appeals from the District Court's order denying his § 2255 motion to vacate sentence. We affirm.[1]

■ This is Gill's third § 2255 motion.[2] He was convicted by a jury of armed robbery of a bank. He argues that a pistol introduced at his trial was taken from him during an illegal search and seizure because he was arrested without a warrant, and because the search was not incident to his arrest. The record conclusively establishes that neither contention is sound. A warrant was issued for Gill's arrest on October 26, 1959, by the United States Commissioner for the Southern District of Alabama. Gill was arrested in Commerce,

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F. 2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir. 1969, 417 F.2d 526, Part I [Oct. 7, 1969].

2. The meanderings of this case through trial, post-conviction review and re-review, vividly illustrate how, over a period of nine years, a prisoner can claim the time and attention of a District Judge five times, the time and attention of nine Circuit Judges in the five different appearances of the case in the Court of Appeals, and the time and attention of the Justices of the Supreme Court in denying certiorari. What has happened here is not atypical. Gill was convicted on March 22, 1960, by a jury of armed robbery of a bank. The conviction was affirmed on appeal on January 5, 1961. Gill v. United States, 5 Cir. 1961, 285 F.2d 711, cert. denied 373 U.S. 944, 83 S. Ct. 1554, 10 L.Ed.2d 699 (1963), rehearing denied 375 U.S. 874, 84 S.Ct. 34, 11 L.Ed.2d 105 (1963). On November 28, 1962, Gill's first § 2255 motion was denied. Motion to appeal *in forma pauperis* was denied on January 31, 1963, and application for rehearing was denied February 22, 1963. On March 4, 1964, Gill filed his second § 2255 motion which the District Court denied. This was affirmed on appeal. Gill v. United States, 5 Cir. 1964, 325 F.2d 505. Rehearing was granted and the judgment was reversed to require that Gill be given a hearing. Gill v. United States, 5 Cir. 1964, 330 F.2d 241. After a hearing, the District Court denied the motion on January 15, 1965. Appeal from this order was dismissed as untimely. Gill v. United States, 5 Cir. 1966, 357 F.2d 334. Rehearing was denied. On December 2, 1968, Gill filed his third (present) § 2255 motion which was denied, and this appeal ensued.

Texas, by the Chief of Police in November, 1959, pursuant to a pick-up order issued by the F.B.I. Gill was told at the time that he was being arrested for investigation of bank robbery. Under the circumstances the arrest was proper even though the arresting officer did not have the actual written warrant in hand. Rule 4(c) (3) F.R.Crim.P.; United States v. Salliey, 4 Cir. 1966, 360 F.2d 699; Bartlett v. United States, 5 Cir. 1956, 232 F.2d 135; 4 Barron & Holtzoff, Federal Practice and Procedure, § 1854, p. 25. At the time of Gill's arrest he was searched in his automobile and the pistol was found. Thus the search was not only incident to but contemporaneous with Gill's arrest.

■■ Gill's next assertion, that his lineup identification denied him due process of law, borders on the frivolous. Stovall v. Denno, 1967, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199, bars Gill from claiming retroactive application of the rule requiring appointment of counsel at pre-trial lineups established in United States v. Wade, 1967, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149. And *Wade* put its imprimatur on the acts and on the spoken words that were required of Gill. A careful review of the record demonstrates clearly that "judged by the 'totality of the circumstances,' the conduct of identification procedures * * * [was not] 'so unnecessarily suggestive and conducive to irreparable mistaken identification' as to be a denial of due process of law." Foster v. California, 1969, 394 U.S. 440, 442, 89 S.Ct. 1127, 22 L.Ed.2d 402.

■ Finally, Gill claims that under Rule 40(b) F.R.Crim.P. he was entitled to appointed counsel at the time of his hearing for transfer from the district of his arrest to the district where the crime was committed and the charge was made. This gives us little pause. The rule did not require the appointment of counsel on request. It specifically provided that "[T]he defendant shall not be called on to plead." Gill waived no defense and suffered no prej-

udice. He never denied that he was the same Gill that was charged with armed robbery of a bank; he simply denied that he robbed the bank.

■ The motions and the files and records of this case conclusively show that Gill was not entitled to relief. An evidentiary hearing on the motion was not required. Holland v. United States, 5 Cir. 1969, 406 F.2d 213. The decision of the District Court is

Affirmed.