**James O'Neal PELTON, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 72–1283**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Sept. 1, 1972.

18 U.S.C. § 2312, in the District Court for the Eastern District of Texas. He was sentenced under the Federal Youth Corrections Act to 60 days to 6 years on each count, to run concurrently. The first of these cases arose from an information originally before the District Court for the Eastern District of Oklahoma, transferred to the court in Texas following a request by petitioner under Rule 20, Federal Rules of Criminal Procedure. This appeal attacks the denial without evidentiary hearing of petitioner's motion to set aside and vacate his conviction pursuant to 28 U.S.C. § 2255.

Petitioner bases his claim on the following contentions: First, he alleges that he was induced to plead guilty by his court-appointed attorney's misrepresentation that in exchange for a guilty plea on the Dyer Act charge originally before the Oklahoma district court, the government would dismiss the Dyer Act charge which had originally been brought before the Texas district court. He asserts the denial of his motion to set aside without a hearing was error. Secondly, petitioner contends that he should have been afforded a hearing on whether or not he understood the consequences of his plea since the possible maximum sentence he exposed himself to under the Federal Youth Corrections Act was six years while the Dyer Act maximum is only five years.

We find that the district court properly denied the motion and that no evidentiary hearing was necessary. 28 U.S.C. § 2255 requires the district court to "grant a prompt hearing" on such a motion unless "the motion and the files and records of the case conclusively show the petitioner is entitled to no relief". While this section has often been held to require a hearing, it must not be implied that "a movant must always be allowed to appear in a district court for a full hearing if the record does not conclusively and expressly belie his claim . . . The language of the statute does not strip the district courts of all discretion to exercise their common sense."

Robert M. Roller, Dallas, Tex. (Court appointed), for petitioner-appellant.

Roby Hadden, U. S. Atty., Dale Long, Asst. U. S. Atty., Tyler, Tex., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

PER CURIAM:

Petitioner Pelton entered guilty pleas to two charges of Dyer Act violations,

Machibroda v. United States, 368 U.S. 487, 495, 82 S.Ct. 510, 514, 7 L.Ed.2d 473 (1962). We feel that the record in this case provides ample evidence to sustain the decision of the district court. The record of proceedings on plea clearly shows that it was the intention of the petitioner to plead guilty to both of the Dyer Act charges. The two pleas were entered after lengthy explanations of the charges involved in each by the district court. Petitioner voiced no objection before entering guilty pleas to both charges separately even though he was clearly advised by the district court as to the precise accusation and the consequences of each guilty plea. Furthermore, petitioner's attorney was asked in open court before petitioner if he joined with petitioner in this decision to plead guilty to both charges. The attorney answered in the affirmative and no objection was raised by petitioner. We find that the district court had sufficient evidence to deny petitioner's motion without the necessity of an evidentiary hearing.

■ It should be noted that petitioner received, in substance, the benefit of the alleged bargain which he contends influenced his guilty plea. He received identical sentences on each count to run concurrently. Thus, even if he was influenced by the alleged misrepresentation, his term of incarceration was not increased thereby. His only possible argument is that he has a record on two counts now instead of one. This argument, however, has not been sufficient to justify review when one is given concurrent sentences on two counts and error is alleged as to only one of the counts.

■ Finally, we find that petitioner's claim with regard to the possible maximum sentence under the Federal Youth Corrections Act did not require a hearing. The record is crystal clear that the

district court spelled out the differences in punishment under the YCA and the Dyer Act. Petitioner was not entitled to a hearing in these circumstances. Gill v. United States, 5 Cir. 1970, 421 F.2d 1353. The decision of the district court is

Affirmed.