405 P.2d 232

The STATE of New Mexico ex rel. Patrick F. HANAGAN, District Attorney for the Fifth Judicial District, in and for the County of Chaves, State of New Mexico, Relator,

v.

The DISTRICT COURT OF the FIRST JUDICIAL DISTRICT, IN AND FOR the COUNTY OF SANTA FE, State of New Mexico, and the Honorable James M. Scarborough, District Judge, Respondent,

Eddie Doyle Cole, Real Party in Interest and Intervenor.

No. 7851.

Supreme Court of New Mexico.

Aug. 23, 1965.

Patrick F. Hanagan, Dist. Atty., Roswell, Jack Love, Asst. Dist. Atty., Hobbs, for relator.

Joseph A. Roberts, Santa Fe, for intervenor.

PER CURIAM.

We are here asked to determine if one district court of this state may grant a writ of habeas corpus for the release from the state penitentiary of a prisoner held therein under a commitment from another district court.

The case reaches us by way of a petition for a writ filed in the name of the state on the relation of the district attorney of the Fifth Judicial District in and for Chaves County seeking mandamus and prohibition against the Honorable James M. Scarborough, District Judge of the First Judicial District Court in and for Santa Fe County. We issued our alternative writ addressed to respondent and ordering him to vacate his final judgment entered in cause No. 35049 on the docket of his court, entitled Eddie D. Cole v. H. A. Cox, Warden, on March 23, 1965, and to take no further action therein except to dismiss the proceeding, or to show cause before this court on a date certain why he should not be required to do so by reason of the facts set forth in the petition for the writ of Mandamus and Prohibition. Thereafter, Eddie D. Cole, petitioner in cause No. 35049 was allowed to intervene herein, and has filed his answer and response to the writ. By answer, respondent states that he has complied with the writ by vacating the final judgment entered in cause No. 35049, and by entering an order dismissing the cause.

Cause No. 35049 was a habeas corpus proceeding filed in Santa Fe County by

intervenor, a prisoner in the state penitentiary located therein, against H. A. Cox, the Warden. After a hearing therein, respondent made findings of fact and conclusions of law and ordered intervenor released, subject to his being taken into custody by the sheriff of Chaves County within five days. The sheriff claimed intervenor and placed him in jail in Chaves County. When petitioner sought action by the district court of Chaves County, the judge thereof entered an order in criminal cause No. 6711, being the same cause in which intervenor had originally been charged and sentenced, finding its original judgment and sentence "in all respects valid and legal, notwithstanding the erroneous findings and judgment of the District Court in and for the County of Santa Fe, * * *" and directing the petitioner herein to institute proceedings "to resolve the conflict of jurisdictions between the district courts of the fifth and the first judicial districts." This proceeding was filed in conformity with the district court's direction and at that time intervenor was held in the Chaves County jail. However, after respondent vacated the judgment and dismissed the habeas corpus proceeding, the judge of the fifth judicial district ordered intervenor back to the penitentiary under the original sentence.

Although the proceeding presents a number of questions which undoubtedly need to be answered, we are impressed that in the instant case we are foreclosed from doing so. Intervenor was ordered discharged from the custody of the Warden of the penitentiary. The order was not appealed and is accordingly final. Leach v. Cox, 74 N.M. 143, 391 P.2d 649. Since intervenor was being detained within the First Judicial District, there can be no question that respondent had jurisdiction to consider intervenor's petition for habeas corpus, Art. VI, § 13 New Mexico Constitution, § 22–11–3, N.M.S.A.1953. This being true, it matters not if he erred; release on the writ having been decreed, the time for appeal having passed, the writ is final and not subject to recall or amendment.

It follows that our alternative writ of mandamus and prohibition was improvidently issued and that the order of respondent setting aside the final judgment in cause No. 35049 was likewise improvidently entered and should now be vacated and the original order of discharge reinstated. The writ heretofore issued by us is accordingly quashed, and the respondent directed to proceed as herein provided.

It is so ordered.