405 P.2d 668

**Elouterio OROSCO, Petitioner,**

**v.**

**Harold A. COX, Warden of the New Mexico State Penitentiary, Respondent.**

No. 7951.

Supreme Court of New Mexico.

Sept. 7, 1965.

**432**

Joseph A. Roberts, Santa Fé, for petitioner.

Boston E. Witt, Atty. Gen., Harry S. Connelly, Jr., Sp. Asst. Atty. Gen., Santa Fe, for respondent.

PER CURIAM:

In State ex rel. Hanagan v. District Court of First Judicial District, 75 N.M. 390, 405 P.2d 232, decided August 23, 1965, an attempt was made to get a determination from this court whether in a habeas corpus proceeding, one district court of the state had jurisdiction to go behind the record of another district court and determine that a petitioner's constitutional rights had been infringed and thereupon hold that a judgment and sentence valid on its face

was in fact void. Because of the posture of that case we were not in a position to reach the point. Also, in that case, the attorney general made no appearance, and we did not have the benefit of his views on the problem.

Accordingly, when the instant case came before us we requested the attorney general, as counsel for respondent, to give us the benefit of his views on the proposition whether under the law this court could properly go behind the trial court record and consider evidence outside the record in order to determine if petitioner's sentence was void. The attorney general has now done so, and the case is ripe for decision.

Petitioner has alleged that he is being illegally restrained of his liberty by respondent, by virtue of a purported judgment of the district court of Eddy County, New Mexico, dated October 14, 1957, whereby petitioner was adjudged guilty of murder in the second degree and sentenced to serve a term of not less than three nor more than 99 years.

Petitioner claims that he has been deprived of his liberty without due process of law, in violation of Art. II, §§ 14, and 18, New Mexico Constitution, and in violation of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution in that (a) he was not given a preliminary hearing; (b) that at his arraignment in district court the proceed-

ings were carried on in a language he did not understand; (c) that since he did not understand the language used at his arraignment he could not understandably, competently and effectively waive any defects in prior proceedings; and (d) that the attorney who represented him at his arraignment entered a plea of guilty without authority to do so from petitioner.

At the hearing in this court, it was clearly shown from the justice of the peace court records that petitioner entered a plea of "not guilty" to the charge of first degree murder and thereafter had a preliminary hearing following which he was bound over to the district court. Both at the time of the arraignment in the justice of the peace court and at the preliminary hearing, petitioner was represented by D. D. Archer, an able and experienced member of the bar of this state, having been employed by petitioner's "people." Further, from a transcript of the proceedings in the district court which is in no way questioned, it appears that Mr. Archer was present representing petitioner when he was first arraigned in district court and a plea of "not guilty" entered, and again when petitioner was back in court and changed his plea to one of "guilty" to second degree murder. At that time it appears that an interpreter was present and the questions and answers interpreted, and that petitioner himself advised the court of his desire to change his plea.

At the hearing before us, petitioner testified that he had no preliminary hearing, and that he lacked understanding of the English language or of what transpired when he changed his plea. However, in the light of all the evidence before us we must find that (1) he had a preliminary hearing before a court of proper jurisdiction; (2) that he understood what transpired at his arraignment, or was not prejudiced by any lack of understanding; (3) that he competently and effectively waived prior defects in the proceedings, if any; and (4) that he personally pleaded guilty to second degree murder. Accordingly, petitioner has failed to establish his right to release on a writ of habeas corpus.

However, what of his right to introduce evidence to contradict or to establish matters not shown in the record of proceedings below? This is the issue which has been briefed by the Attorney General at our request.

The New Mexico Constitution, in Art. II, § 7, provides that, "The privilege of the writ of habeas corpus shall never be suspended, unless, in case of rebellion or invasion, the public safety requires it." In our recent case of Johnson v. Cox, 72 N.M. 55, 380 P.2d 199, we stated that the writ of habeas corpus was in the nature of a collateral attack on a judgment upon which commitment had issued, and would lie only when the judgment under attack was absolutely void because the court which rendered

the judgment was without jurisdiction. In that case we heard evidence outside the record and stated:

> "In determining whether the deprivation of constitutional rights amounts to a denial of due process the inquiry on habeas corpus is directed to a review of the entire proceedings, and if the total result was the granting to accused of a fair and deliberate trial, then no constitutional right has been invaded, and the proceedings will not be disturbed. Brock v. Hudspeth, 10 Cir., 111 F.2d 447; Graham v. Squier, 9 Cir., 132 F.2d 681; Thompson v. Harris, 107 Utah 99, 152 P.2d 91. Thus, our function here is to determine whether on all the records before us petitioner is being unlawfully imprisoned as the result of a deprivation of his constitutional rights."

We there concluded that the district court had jurisdiction and that there was nothing that occurred which could be a basis for a loss of jurisdiction by the trial court by virtue of any denial by it of due process so as to render the petitioner's conviction null and void.

No question was raised in Johnson v. Cox, supra, concerning our habeas corpus statutes, §§ 22–11–1 to 22–11–41, incl., N.M.S.A. 1953, and particularly § 22–11–2, N.M.S.A. 1953, which states in part, "The following persons are not entitled to prosecute such writ: Persons committed or detained by virtue of the final judgment, conviction or decree of any *competent* tribunal or by virtue of an execution issued upon such judgment or decree; * * *" and § 22–11–16, N.M.S.A. 1953, which provides that the officer hearing a petition for a writ "* * * shall forthwith remand such party (petitioner), if it appears that he is detained in custody; * * * By virtue of the final judgment or decree of any competent court, or of any execution issued upon such judgment or decree; * * *."

At first blush, these provisions if applied literally would seem to foreclose habeas corpus as a means of testing the validity of a judgment or sentence of a court having general jurisdiction, as is true of the district court in this state. Art. VI, § 13, N.M. Const. The attorney general suggests that if this reasoning is adopted, the act is probably unconstitutional because contrary to Art. II, § 7, of the New Mexico Constitution. The attorney general goes further, however, and points to § 22–11–25, N.M.S.A. 1953, and argues that when this section is given its full weight and applied as intended, what would otherwise be unconstitutional is nevertheless constitutional. § 22–11–25, supra, reads:

> "The party brought before any such officer on the return of any writ of habeas corpus, may deny any of the material facts set forth in the return, or allege any fact to show, *either that* his imprisonment or detention is unlaw-

ful, or that he is entitled to his discharge, which allegations or denials shall be on oath; and thereupon such officer shall proceed in a summary way to hear such allegations and proofs as are legally produced in support of such imprisonment or detention or against the same, and to dispose of such party as justice requires."

With this section as the controlling provision, the attorney general takes the position that when a return to a writ asserts that petitioner is held under a commitment issued pursuant to a judgment of a district court, the petitioner may deny the facts alleged in the return, and himself allege and show facts to establish the void character of his conviction and illegality of his detention.

█ In the light of the attorney general's argument that evidence dehors the record may be heard by the court, we conclude that there is nothing wrong in our receiving evidence outside the record to establish the absence or loss of jurisdiction through denial of any of the rights guaranteed to a prisoner at the bar by either the United States or New Mexico Constitutions.

We note that the word "competent" which modifies "court" in both § 22–11–2, supra,

and § 22–11–16, supra, has been defined by Webster's Third New International Dictionary as follows:

"* * * legally qualified or capable: as (a) authorized to act or possessed of jurisdiction [a competent court] [a competent judge] b: * * * c: meeting legal requirements as to validity [competent evidence] * * *."

█ These sections then require that for a court to be competent, jurisdiction must be present, and that jurisdiction clearly may be lost. When certain constitutional guaranties are denied, overlooked, or omitted, the conviction or sentence is not by a "competent" court. See Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357.

In the light of the position of the respondent, as presented by the attorney general, and without in any way considering contrary arguments that possibly could be advanced, we conclude that the evidence here offered was properly received and entitled to consideration by us. Having weighed the evidence together with the court record, we find no denial of any constitutional rights either federal or state.

It follows that the writ should be discharged and petitioner remanded to custody of the respondent. It is so ordered.