**Elauterio OROSCO, Appellant,**

v.

**Harold A. COX, Warden, New Mexico State Penitentiary, Appellee.**

**No. 8615.**

United States Court of Appeals
Tenth Circuit.

April 6, 1966.

Claude S. Sena, Santa Fe, N. M., for appellant.

L. D. Harris, Sp. Asst. Atty. Gen., for appellee.

Before LEWIS, BREITENSTEIN and SETH, Circuit Judges.

DAVID T. LEWIS, Circuit Judge.

This appeal is taken from an order of the District Court for the District of New Mexico denying appellant's petition for a writ of habeas corpus.

Appellant is a state prisoner confined pursuant to a sentence imposed after entry of a plea of guilty to the offense of murder in the second degree. He asserts that his confinement is unlawful because (a) he did not have a preliminary hearing before a court of competent jurisdiction, (b) he did not enter a voluntary and intelligent plea because of a language barrier, and (c) he was not adequately represented by counsel. Each of these issues has been presented to the Supreme Court of New Mexico by way of original petition for habeas corpus and rejected by that court after an evidentiary hearing. Orosco v. Cox, 75 N.M. 431, 405 P.2d 668. The federal district court, after an evidentiary hearing, also rejected appellant's contentions holding that appellant had not sustained the burden of showing that his preliminary hearing, admittedly held with appellant present and represented by retained counsel, was not before a court of competent jurisdiction; that his plea was understandingly and intelligently made; and that counsel competently represented appellant.

We find no error in the judgment below. The existence of a language barrier is a circumstance probing both the totality of understanding premising the entry of plea and the adequacy of representation by counsel. Cervantes v. Cox, 10 Cir., 350 F.2d 855. However, the record of proceedings at the time of plea shows the presence of an interpreter and the personal responses of appellant sometimes after interpretation and apparently sometimes without interpretation.[1] Included is the following colloquy between court and present appellant:

"THE COURT: All right. Listen. (Interpreted.) Listen this time. The State of New Mexico has filed a charge against you charging you with first degree murder, the penalty for which, if you are convicted, can be death by virtue of gas at the state penitentiary, or imprisonment for life at the state penitentiary, depending upon the verdict of the jury; or the jury might find you not guilty. There is also charged in this complaint against you, second degree murder; and the penalty for that, if you are convicted or enter a plea, is not less than three nor more than ninety-nine years in the state penitentiary. Your lawyer tells me that you want to plead guilty to second degree murder. The District Attorney tells me that he is willing to accept such a plea. Do you understand?

THE DEFENDANT: (Interpreted.) I'm guilty of second.

THE COURT: Do you wish to plead guilty to second degree murder? (Interpreted.)

THE DEFENDANT: Yes.

---

1. The record in this instant case shows numerous and responsive answers by appellant in English and before interpretation.

THE COURT: Do you have any questions?—Do you have any questions of me?

THE DEFENDANT: (Nods in the negative.)

THE COURT: Do you have any doubt in your mind, now, about what you are doing?

THE DEFENDANT: No."

The finding of the trial court that appellant's plea was understandingly made is well supported in the record. And the trial court properly attached little significance to appellant's testimony that he could not and did not communicate with his retained counsel. Counsel, described by the Supreme Court of New Mexico as an able and experienced member of the bar, repeatedly represented to the state court that he had discussed the case with appellant.

Affirmed.