435 P.2d 207

STATE of New Mexico, Plaintiff-Appellee,

v.

Bobby J. BUCHANAN, Defendant-Appellant.

No. 8431.

Supreme Court of New Mexico.

Dec. 11, 1967.

Standley, Kegel & Campos, Frank P. Dickson, Jr., Santa Fe, for appellant.

Boston E. Witt, Atty. Gen., Roy G. Hill, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

NOBLE, Justice.

Bobby J. Buchanan's conviction of larceny was affirmed. State v. Buchanan, 76 N.M. 141, 412 P.2d 565. He thereafter filed a Rule 93 motion seeking vacation of the judgment and sentence upon the single allegation that the prosecuting attorney in argument to the jury stated that the defendant must have been guilty or he would have taken the stand to testify in his own behalf. Relief was denied by the trial court without a hearing; the order recited that the question could not properly be raised by a Rule 93 motion because it should have been raised in the direct appeal of the criminal case. Petitioner has appealed the order denying Rule 93 relief.

This petitioner asserted error on his direct appeal of the criminal case in the giving of an instruction which would have permitted comment on defendant's refusal to take the witness stand. In finding the contention to be without merit, we there said: (State v. Buchanan, supra) "However, there is no indication anywhere in the record, nor is it claimed, that any argument or comment was made by any party on the fact that the defendant did not testify." The question of whether comment on defendant's failure to testify was, in fact, made was not decided on the direct appeal of the criminal case. It is now conceded by the petitioner that no record was taken of the argument to the jury in the criminal case. That being true, neither the question of whether such comment was, in fact, made nor its effect, if made, could properly have been presented on the direct appeal of the criminal case. The scope of appellate re-

view by the Supreme Court is limited to a consideration of those matters disclosed by the record. General Services Corp. v. Board of Commissioners, 75 N.M. 550, 408 P.2d 51; Sarikey v. Sandoval, 75 N.M. 271, 404 P.2d 108; Richardson Ford Sales v. Cummins, 74 N.M. 271, 393 P.2d 11; Supreme Court Rule 17(1) (§ 21–2–1(17) (1), N.M.S.A. 1953). We think the trial court erred in denying the relief sought upon the ground that the question should have been presented in the direct appeal of the criminal case.

Even though the trial court originally may have had jurisdiction, it may lose such jurisdiction through denial of rights or privileges guaranteed to an accused by either the United States Constitution or the New Mexico Constitution. See Orosco v. Cox, 75 N.M. 431, 405 P.2d 668; Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357. Comment by the prosecution which calls attention to defendant's failure to testify violates the accused's privilege against self-incrimination. Fifth and Fourteenth Amendments to the United States Constitution; State v. Miller, 76 N. M. 62, 412 P.2d 240; Griffin v. State of California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106. We said in Orosco v. Cox, supra: "When certain constitutional guaranties are denied, overlooked, or omitted, the conviction or sentence is not by a 'competent' court." Comment by the prosecution on the defendant's failure to testify is the violation of such a constitutional guarantee. Lack of or loss of jurisdiction by the court imposing sentence renders such judgment and sentence subject to collateral attack. Orosco v. Cox, supra. Jurisdictional questions may be raised at any time. DesGeorges v. Grainger, 76 N.M. 52, 412 P.2d 6; Supreme Court Rule 20(1) (§ 21–2–1(20) (1), N.M.S.A. 1953). Sentences subject to collateral attack may be questioned by post-conviction proceedings. Rule 93 (§ 21–1–1(93), N.M.S.A. 1953).

We called attention in State v. Franklin, 78 N.M. 127, 428 P.2d 982, to the discussion in Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473, of the proper procedure for granting a hearing on motions under 28 U.S.C.A. § 2255. In fairness, we now point out that the order denying relief in this case was made prior to our Franklin decision.

In Machibroda, the prisoner's claim for relief was based upon an allegation that his plea of guilty was involuntary; he alleged that on three separate occasions, specified in the motion, an Assistant United States Attorney had promised petitioner that he would receive a total sentence of not more than twenty years if he pled guilty. The promises were alleged to have been made upon the authority of the United States Attorney and to be agreeable to the district judge. Petitioner alleged that he was cautioned not to tell his attorney, and that threats of other prosecutions were made if he refused to plead guilty. He alleged that he had written two letters to the court concerning these misrepresentations. Affidavits denying the promises or threats were filed by the Government. Without a hearing, the court determined that the allegations about representations by the Assistant United States Attorney were false. The Supreme Court of the United States held that there must be a hearing where issues raised by the motion related primarily to "purported occurrences outside the courtroom and upon which the record could, therefore, cast no real light," and where the allegations did not concern circumstances of a kind that the district judge "could completely resolve by drawing upon his own personal knowledge or recollection."

In the instant case, the allegations related to a purported occurrence in the trial of the case of a kind that the district judge could perhaps resolve by drawing upon his own personal knowledge or recollection. The record here, however, discloses that the district judge did not so resolve the issue. The decision was erroneously based upon the conclusion that the question could not be properly presented by the post-conviction motion because it should have been raised on the direct appeal of the

criminal case. Thus, the situation is similar to purported occurrences outside the courtroom. The record in the criminal case could cast no real light upon the issue. We think that under Machibroda the district judge could have resolved the issue if he recalled the argument and, based upon his personal recollection, had found as a fact that no such comments were made. Absent such a finding, the petitioner is entitled to a hearing and the opportunity to present evidence in support of his allegation. Machibroda v. United States, supra. See also Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830.

We do not mean to imply that a petitioner must always be allowed to appear even though the record does not conclusively show him not to be entitled to relief. See the discussion concerning identical language in 28 U.S.C.A. § 2255, in Machibroda v. United States, supra. There is nothing incredible in the allegations of this petition. Whether the petitioner can carry the burden of proof is a question of fact.

The order appealed from will be reversed and the cause remanded for further action not inconsistent with this opinion.

It is so ordered.

MOISE and CARMODY, JJ., concur.