**Willie PEELE, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 21530.**

United States Court of Appeals Ninth Circuit.

April 4, 1968.

Willie Peele, in pro. per.

William Matthew Byrne, Jr., U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Chief, Criminal Division, William J. Gargaro, Jr., Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before HAMLEY and ELY, Circuit Judges, and POWELL, District Judge.

PER CURIAM:

This appeal is from the dismissal without a hearing of a petition under 28 U.S.C. § 2255 to set aside appellant's conviction. Appellant was indicted for armed bank robbery under 18 U.S.C. § 2113(d). He waived indictment and entered a plea of guilty to an information charging two counts of unarmed bank robbery under 18 U.S.C. § 2113(a). On defense counsel's assurance that the pleas to Counts 1 and 2 were "voluntarily and understandingly offered," the arraigning judge accepted them. In August 1954 appellant was sentenced to eighteen years imprisonment on Count I, and five years probation on Count II, to run consecutively. In May 1966, twelve years after his conviction, appellant filed this motion under 28 U.S.C. § 2255.

Appellant alleges that his pleas of guilty were not voluntary because an Assistant United States Attorney promised that 1) he would inform the judge that appellant was unarmed when he robbed the banks; 2) he would inform the probation officer and judge only of those facts recited in the information; and 3) he would recommend two, ten year, concurrent sentences. These promises were allegedly made before appellant's attorney. Appellant claims that he entered his pleas relying on these promises and that they were broken. After comparing appellant's motion with the transcripts on arraignment and sentence, the trial court denied appellant's motion without an evidentiary hearing.

Neither appellant nor his counsel objected to the manner in which the government attorney informed the court that appellant was unarmed. Remarks of appellant's attorney refute the claim that government counsel promised not to inform the probation office of facts other than those in the indictment: "I think the defendant is willing to rely on the pre-sentence report, which I believe your honor has." (Tr. Vol. II, Pa. 13). Appellant and his attorney also failed to object to the prosecutor's recommendation of a maximum sentence, although ex-

pressly given an opportunity to do so by the court.

The record as a whole so clearly refutes the contentions advanced by appellant in the post-conviction proceeding that the District Court properly determined that it was unnecessary to conduct an evidentiary hearing.

Affirmed.