474 P.2d 711

STATE of New Mexico, Plaintiff-Appellee,

v.

Andrew K. PATTON and Lyle V. Moody,
Defendants-Appellants.

No. 487.

Court of Appeals of New Mexico.

Sept. 11, 1970.

George P. Jones, III, Albuquerque, for appellant Patton.

Douglas T. Francis, Albuquerque, for appellant Moody.

James A. Maloney, Atty. Gen., Santa Fe, Justin Reid, Asst. Atty. Gen., for appellee.

## OPINION

HENDLEY, Judge.

Defendants' motions for post-conviction relief under Rule 93 [§ 21–1–1(93), N.M. S.A.1953, (Supp.1969)], were denied without hearings.

Rule 93, supra, provides in part that:

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the courts shall * * * grant a prompt hearing therein, determine the issues and. make findings of fact and conclusions. of law with respect thereto."

The motions, files, and records do not conclusively show that defendants are not. entitled to a hearing. Accordingly, we reverse.

Defendant Patton contends that after his. arrest he was questioned by the police without being advised of his rights and without the presence of an attorney although he had requested an attorney. Patton further alleges that as a result of the interrogation he signed an incriminating statement which the police subsequently threatened to use against him at his trial unless he pleaded guilty. He contends that his plea was induced by these threats and thus involuntary.

Defendant Moody also contends that his. guilty plea was involuntary; that he was. threatened and coerced into making an incriminating statement; by taking the statement before he had an attorney or was advised of his right to remain silent; that he was deprived of the right to talk

to his counsel by being moved to the State prison; and that three of his court appointed attorneys withdrew because he would not plead guilty. He states in his motion that:

"* * * In fact the placing of Petitioner and threating [sic] him with the use of the involuntary statement at trile [sic] against him along with the fact that every attorney appointed him just wanted him to plede [sic] guilty is the only reason the petitioned [sic] did plead guilty to the charge."

■ Defendants' claims raise factual issues which cannot be conclusively determined from the files and records. See State v. Kenney, 81 N.M. 368, 467 P.2d 34 (Ct.App.1970). These allegations of pleas coerced or induced by threats to use statements, allegedly improperly obtained, would be sufficient, if true, to collaterally attack the judgments against defendants. See State v. Robbins, 77 N.M. 644, 427 P.2d 10 (1967), cert. denied 389 U.S. 865, 88 S.Ct. 130, 19 L.Ed.2d 137 (1967); State v. Baumgardner, 79 N.M. 341, 443 P.2d 511 (Ct.App.1968).

■ The State contends that Moody's allegations are barred by the doctrine of res judicata. The State's argument proceeds on the assumption that the facts alleged in Moody's present Rule 93 motion are the same as alleged in a prior Rule 93 motion, and since the trial court ruled against the first motion and Moody failed tc appeal, he is now precluded from raising these same factual allegations in a subsequent Rule 93 motion. The res judicata aspect of Rule 93 proceedings was decided by Justice Noble in State v. Rito Canales, 78 N.M. 429, 432 P.2d 394 (1967). He stated: "A second or successive application may be refused only if the prior denial rested on an adjudication of the merits of the ground presented in a subsequent application. This means that an evidentiary hearing must have been held in the prior application if factual issues were raised and it was not denied on the basis that the files and records conclusively re-

solved those issues. * * *" Moody had no hearing in which the issues of the first Rule 93 motion could have been litigated and determined; hence, the doctrine of res judicata or Rule 93(d), supra, cannot be applied. State v. Lobb, 78 N.M. 735, 437 P.2d 1004 (1968); State v. Rito Canales, supra.

Since Patton will be granted a hearing on his motion for the above stated reasons, his contention of not understanding the consequences of his plea need not be considered here.

The orders appealed from are reversed. It is so ordered.

OMAN and WOOD, JJ., concur.