483 P.2d 1318

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Claude David SWIM and Richard Anthony Bobrick, Defendants-Appellants.**

**No. 551.**

Court of Appeals of New Mexico.

April 2, 1971.

Louis G. Stewart, Jr., Albuquerque, for defendants-appellants.

James A. Maloney, Atty. Gen., C. Emery Cuddy, Jr., Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

SPIESS, Chief Judge.

Defendants' petitions for post conviction relief, Rule 93 (§ 21–1–1(93), N.M.S.A. 1953, (Rpl. Vol. 4), were denied, without an evidentiary hearing. The court, after reviewing the allegations of the petitions, and the files and records of the case, determined that " * * * it is conclusively shown that defendants are not entitled to relief under Rule 93." Appeal is from the trial court's orders denying relief as to each defendant. We reverse.

The sole contention upon appeal is that:

"The Court erred in failing to grant appellants an evidentiary hearing upon their allegations that their pleas of guilty were coerced and involuntary."

Defendants were convicted upon their guilty pleas of robbery while armed with a deadly weapon. § 40A–16–2, N.M.S.A.1953 (Rpl. Vol. 6), and sentences were imposed.

Each of defendants, through separate petitions, allege:

"While petitioner was incarcerated in the said McKinley County jail, petitioner was placed in solitary confinement and was subjected to physical and mental punishment for an extended period of time; such treatment amounted to coercion of the petitioner and was the reason that a plea of guilty was entered by petitioner."

Affidavits signed by each of defendants likewise appear in the record, stating:

"Affiant entered the plea of guilty because of coercian [sic] effected upon them by the Sheriff of McKinley County while affiant was incarcerated in the McKinley County jail."

Voluntariness of the guilty pleas was clearly challenged by the petitions and affidavits. The trial court, in its decision, found:

"On August 13, 1968, the Defendants appeared in District Court and after being advised of the charges against them, of the possible penalty in the event of conviction after a plea or after trial, and of their right to trial by jury, Petitioners entered a plea of guilty to Count I of the Information;

"That the Court thereafter determined from the Defendants that no threats or promises had been made to them and that the plea of guilty was made willingly. The plea of guilty of each of the Defendants was then accepted by the Court."

It is apparent that defendants' claims asserted in their petitions and affidavits are in conflict with the record made at the time the pleas were accepted. Defendants' claims involve matters which allegedly occurred outside the courtroom and, if established would warrant vacating the sentences. The conflict cannot be resolved in the absence of an evidentiary hearing at which the facts can be fully developed even though the circumstances surrounding the acceptance of the plea of guilty would constitute sufficient support for a finding and determination that the pleas were voluntarily made. State v. Maimona, 80 N.M. 562, 458 P.2d 814 (Ct.App.1969).

In State v. Reece, 79 N.M. 142, 441 P.2d 40 (1968), the Supreme Court, considering a comparable fact situation, said:

"This appeal is controlled by what we said in State v. Franklin, 78 N.M. 127, 428 P.2d 982, 983 (1967), from which we quote the following:

'We think it appropriate to call attention to the fact that the Supreme Court of the United States in Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473, discussed the proper procedure for district courts under the provisions of 28 U.S. C.A., § 2255, from which our Rule 93 was patterned. That court pointed out that the federal statute requires a district court to "grant a prompt hearing" when such a motion is filed, and to "determine the issues and make findings of fact and conclusions of law with respect thereto" unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *The court there went on to emphasize that where factual allegations relating primarily to purported occurrences outside of the courtroom put in issue matters upon which the record could cast no real light, the court must hold a hearing at which the prisoner is permited [sic] to offer evidence.'* ·(Emphasis supplied.)

"It should be evident that among claims made by petitioner are several concerning occurrences outside the record which, if true, would be grounds for vacating his sentence, and that these assertions could not be resolved without a hearing. Admittedly, these allegations conflict with the record made at the time of the arraignment. However, absent a hearing at which testimony is adduced, no method is available for determining the truth. The court erred in denying

the motion without counsel and an evidentiary hearing. See State v. Buchanan, 78 N.M. 588, 435 P.2d 207 (1967), where the holding in Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962), followed by us in State v. Franklin, supra, was again applied. Compare State v. Fuentes, 67 N.M. 31, 351 P.2d 209 (1960), and 66 N.M. 52, 342 P.2d 1080 (1959)."

See also State v. Patton, 82 N.M. 29, 474 P.2d 711 (Ct.App.1970).

Based upon these authorities, we are of the opinion that defendants should have been accorded an evidentiary hearing. The orders of the trial court are accordingly reversed, the cause remanded with directions to the court to grant defendants evidentiary hearings upon the issue of the voluntariness of their pleas of guilty.

It is so ordered.

HENDLEY, J., and DEE C. BLYTHE, District Judge, concur.