490 P.2d 458

Felix RODRIGUEZ, Warden, New Mexico
State Penitentiary, Petitioner,

v.

The DISTRICT COURT OF the FIRST JU-
DICIAL DISTRICT, IN AND FOR the
COUNTY OF SANTA FE, State of New
Mexico, and The Honorable Santiago Cam-
·pos, as Judge of the First Judicial Dis-
trict, Respondents.

No. 9332.

Supreme Court of New Mexico.

Oct. 28, 1971.

David L. Norvell, Atty. Gen., Winston
Roberts-Hohl, Asst. Atty. Gen., Santa Fe,
for petitioner.

Watson, Stillinger & Lunt, David L.
Lunt, Santa Fe, for respondents.

## OPINION

PER CURIAM.

This is an original prohibition proceeding
in which Mr. Rodriguez, Warden of the
New Mexico Penitentiary, seeks to prohibit
the Respondents from executing or en-
forcing a certain order directing Petitioner
to discharge one Dorsey Lee Robertson, a
prisoner.

We issued an alternative writ, which we
now determine to have been improvidently
issued.

The subject matter of this action has a
complex and unfortunate procedural his-
tory, some review of which is essential to
an understanding of our ruling. This ac-
tion, in which Warden Rodriguez is the
petitioner, has been preceded by two habeas
corpus proceedings in which he was re-

spondent, which were filed in the District Court of the First Judicial District in and for Santa Fe County, in the first of which District Judge James M. Scarborough of Division II presided and in the second District Judge Santiago E. Campos of Division III. Warden Rodriguez in both of the habeas corpus proceedings and in this action has been represented by the Attorney General and his position will hereafter be referred to as "the State." The prisoner has been ably represented by court-appointed counsel.

Mr. Robertson pleaded guilty to the crime of assault by a prisoner in the District Court of Lea County and was sentenced to the penitentiary on October 20, 1970 for a term of not less than two nor more than ten years. Following confinement, he filed in that court a document which the presiding judge regarded as being a motion for a new trial and change of venue, and which was denied. Thereafter, he filed the first petition for a writ of habeas corpus in Santa Fe County District Court which we have mentioned. In the petition the prisoner did not complain of having been deprived of his right to appeal, but rather advanced other grounds not now pertinent. The State in response filed a motion to dismiss for failure to state a claim upon which relief could be granted under our habeas corpus statutes and on the grounds that the prisoner's position was governed by Rule 93 of the Rules of Civil Procedure [§ 21–1–1(93), N.M.S.A., 1953] and ought to have been brought in the District Court of Lea County. No order was entered on this motion.

 Final hearing was held before Judge Scarborough and from his Judgment and Order it appears that he considered the pleading filed by the prisoner in Lea County District Court to have been a motion for an appeal, and the denial of that motion to have unlawfully and unconstitutionally deprived Mr. Robertson of his right to appeal. How an appeal could have been successfully prosecuted from a guilty plea we are not prepared to say, but this is a question we have no opportunity to answer in

this case. The point here is that the prisoner had an undoubted right to appeal his sentence and the State does not contend otherwise. N.M. Const., Art. VI, § 2.

Judge Scarborough's Judgment and Order, entered on June 15, 1971, provided:

"IT IS THEREFORE ORDERED that the Petitioner be remanded to the New Mexico State Penitentiary, there to remain until June 30, 1971, at which time he is to be released unconditionally, provided, however, that if prior to June 30, 1971, the sentencing court, being the, District Court of Lea County, New Mexico, has issued an Order allowing Petitioner an appeal from his conviction, based upon his Notice of Appeal timely filed on November 10, 1970, then he shall not be released pursuant to this proceeding."

Even at this juncture the opportunity to inquire into the merits of the prisoner's incarceration in a reasonably orderly way had not been lost, but no one furnished the presiding judge of the Lea County District Court a copy of the order or advised that court of its entry or content.

The prisoner however had a copy of it, which on June 30, 1971, he exhibited to penitentiary authorities and demanded his release. A flurry of activity on the part of the Attorney General was occasioned thereby, culminating in the entry of an order on that day by the District Court of Lea County allowing Mr. Robertson an appeal, appointing counsel to represent him and setting an appeal bond. This, of course, came too late. We cannot equate "prior to June 30" with "on or before June 30."

 The State, in this proceeding, asserts that it was the duty of the prisoner to apprise the Lea County District Court of Judge Scarborough's Judgment and Order. This is a claim which does not merit serious consideration. At the hearing, the State admitted that this omission stemmed from "neglect." Such an admission is in any case implicit in the motion filed by the State under Rule 60(b) (1) of the Rules

of Civil Procedure [§ 21–1–1(60) (b) (1), N.M.S.A., 1953] seeking relief from Judge Scarborough's Judgment and Order on grounds of excusable neglect. However, since the State did not bestir itself to make this motion until September 27, 1971, Judge Scarborough denied the relief sought on the grounds that it was not made within a reasonable time.

Meanwhile, following the events of June 30, 1971, Mr. Robertson, who seems throughout to have been rather well advised, remained quiescent until the State allowed its time for appeal from Judge Scarborough's Judgment and Order to run out. This occurred on July 15, 1971. In this reposes the nub of the State's problem. Judge Scarborough had undoubted jurisdiction of the subject matter and of the parties before him, and his Judgment and Order was binding on the parties and clothed with all of the attributes of finality.

This case is governed by State ex rel. Hanagan v. District Court, 75 N.M. 390, 405 P.2d 232 (1965), the following quotation from which seems particularly apt:

> "Although the proceeding presents a number of questions which undoubtedly need to be answered, we are impressed that in the instant case we are foreclosed from doing so. Intervenor was ordered discharged from the custody of the Warden of the penitentiary. The order was not appealed and is accordingly final. Leach v. Cox, 74 N.M. 143, 391 P.2d 649. Since intervenor was being detained within the First Judicial District, there can be no question that respondent had jurisdiction to consider intervenor's petition for habeas corpus, Art. VI, § 13 New Mexico Constitution, § 22–11–3, N.M. S.A.1953. This being true, it matters not if he erred; release on the writ having

been decreed, the time for appeal having passed, the writ is final and not subject to recall or amendment."

The prisoner was not, however, released under Judge Scarborough's Judgment and Order and on July 20, 1971, he filed the second petition for writ of habeas corpus. Following hearing, Judge Campos ordered the prisoner released and that order is the subject of this proceeding. In making this ruling, Judge Campos said in part:

> "This ruling is most distasteful to me. However, I can see no way in which it can be avoided.

> "I am ruling in this manner in view of the State's failure to act within the time set by Judge Scarborough's Order, filed June 15, 1971. My ruling today is not a ruling on the correctness of that Order. It is merely that this Order was effective when rendered and it not having been appealed or the conditions therein complied with, the terms thereof are binding on the State."

This is a result in which we concur and a sentiment which we share. The prisoner must be accorded his rights, and the orderly processes of the law given effect, regardless of how an individual case may have been handled. If governance by law is demanded of our citizens, can less be expected of the State or of us?

■ In any case, Judge Campos had jurisdiction of the persons and subject matter in the proceeding before him. It follows that he is not threatening to exceed his jurisdiction by enforcing his order, and the remedy of prohibition is thus not available to the State.

The alternative writ is discharged.

It is so ordered.