**Peter Alexander MAKRES, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**No. 72 C 128.**

United States District Court,
N. D. Illinois, E. D.

Feb. 17, 1972.

Peter A. Makres, pro se.

James H. Alesia, Chicago, Ill., for respondent.

## MEMORANDUM OPINION

WILL, District Judge.

This motion filed pursuant to 28 U.S. C. § 2255 challenges the voluntariness of the petitioner's pleas of guilty entered by the Court on April 7, 1971, in criminal case numbers 71 CR 123, 71 CR 346, 71 CR 347, 71 CR 348 and 71 CR 349. Specifically, the petitioner contends that his retained attorney had certain unspecified conflicts of interest and that he was promised, if he tendered guilty pleas in the above cases, that he and his stepson (a co-defendant on some of the charges) would receive minimum sentences and that all other federal charges then pending against him would be dismissed. The government has moved to dismiss petitioner's motion.

The government has submitted extensive documentation in support of its contentions that the pleas of guilty were voluntarily entered by the petitioner and were entered without any threat or promise made by the government or collusion between them and his retained counsel. These documents and affidavits can be summarized as follows:

1.) *Affidavit of the Assistant United States Attorney handling these cases.*

This affidavit outlines the role of the prosecutor's office in connection with the defendant. The defendant was indicted in this district in three cases, 70 CR 548, 71 CR 122, and 71 CR 123. The petitioner pleaded guilty to the first two indictments in March of 1971 in front of Judge Napoli of this Court and these pleas are not at issue herein. At the time of those pleas, the petitioner indicated through his counsel his desire to plead guilty to other pending charges from various other jurisdictions pursuant to Rule 20, Fed.R.Crim.P. On April 7, 1971, petitioner, represented by counsel of his choice, pleaded guilty to the indictment assigned to this Court, 71 CR 123, and the four Rule 20 transfers, 71 CR 346–349. The Court sentenced the petitioner to varying sentences all to run concurrently with the prior eight year sentences imposed by Judge Napoli.

The Assistant United States Attorney has sworn that he never made any threats or promises to the petitioner or

his counsel, that he never told either of them that he would recommend probation for petitioner's stepson, that either would receive any particular sentence, or that whatever sentences were imposed would be concurrent with themselves or with the sentences imposed by Judge Napoli.

2.) *Affidavit of the agent of the Federal Bureau of Investigation involved with these cases.*

Agent Fay avers that his sole connection with the petitioner was that he investigated the criminal violations to which the petitioner pleaded guilty and that he interrogated him on only one occasion, October 29, 1970. He swears that he never talked with him after his arrest in January, 1971, nor did he ever make any threats or promises to petitioner or his attorney of any kind.

3.) *Affidavit of petitioner's attorney.*

In his affidavit, the attorney for the petitioner during the proceedings herein denies ever having been a party to or having knowledge of any threats to or duress upon the petitioner imposed in an attempt to secure a guilty plea. He denies the petitioner's charge that he had a conflict of interest or that he ever so suggested to the petitioner with the single exception that he informed petitioner that, if he and his stepson proceeded to trial, a conflict of interest would then exist which would preclude him from defending both defendants. He similarly denies all knowledge of any outside pressures against petitioner's interest upon him and avers that there were none. Concerning the claim that petitioner was promised that his stepson would receive probation and he a minimum sentence in exchange for guilty pleas, the attorney swears that he specifically told petitioner that the United States Attorney's office would not make any such promise concerning the recommendation of probation or minimum sentences even after continuous importuning for such promises, although he did inform petitioner that he hoped to convince the Court that probation was indeed appropriate for the stepson. He avers that it was petitioner's desire to plead guilty under Rule 20 to the pending indictments from other jurisdictions after being informed of all his rights and that he never had any conversations with either this Court or Judge Napoli concerning petitioner's sentence (other than in open court) and no commitments were ever secured from either Judge concerning petitioner's sentences.

4.) *Certification from the United States Penitentiary, Terre Haute, Indiana, that no detainers against petitioner are on file as of 1/31/72.*

This certification indicates that the plaintiff's contentions that he was promised that all other federal charges pending against him at the time of his plea would be dismissed and that such promise was broken is clearly false. Irrespective of whether the promise was ever rendered, as of the date of certification, no federal district has indicated that it has any further interest in petitioner insofar as any criminal matter is concerned.

5.) *Transcript of proceedings before this Court from the date on which petitioner gave and the Court accepted his guilty pleas.*

This transcript indicates that the petitioner received from the Court its customary series of questions designed to determine the voluntariness and truthfulness of the guilty pleas in question. The petitioner was asked if he understood that he had the right to a trial by a jury or judge, to a presumption of innocence, to cross-examine government witnesses and to present witnesses on his own behalf and that the government would have the obligation to prove his guilt beyond a reasonable doubt, all rights which would be waived by a guilty plea. The petitioner indicated that he understood these rights and his waiver thereof, that he understood the maximum penalty that he could receive under the indictments in question, that no one had threatened him to plead guilty, and that no one had made any

predictions, prophecies, or promises to him as to what his sentences were going to be if his guilty plea was accepted. The Court next reviewed with petitioner the substance of the various indictments and questioned the latter concerning the specifics of the crimes charged therein. The petitioner acknowledged that he had done the acts charged and added certain facts concerning his conduct of which the Court was not previously aware. Based upon this colloquy, the Court was convinced that petitioner was guilty as charged, that his pleas of guilty were knowing and voluntary, and accepted them.

6.) *Transcripts of proceedings before Judge Napoli from the days on which petitioner gave and the Court accepted his guilty pleas in the two related indictments.*

Although not directly relevant to the voluntariness of the pleas on the five indictments assigned to this Court, these transcripts indicate that Judge Napoli questioned petitioner in the same manner as we did in order to determine the voluntariness of his pleas to the indictments before him which were related to the ones involved herein in that each involved a check stealing and forging scheme. The petitioner responded to Judge Napoli in the same manner as he did to us, i. e., that he fully understood his rights, that he was guilty of the crimes as charged, and that no promises or threats had been made to him to induce him to plead guilty.

We have outlined the factual support for the government's motion in detail to indicate that the record is absolutely clear that the petitioner's vague and conclusory allegations that his guilty pleas were not voluntarily given are contradicted by the record. This § 2255 motion was filed more than nine months after this Court accepted petitioner's pleas of guilty. There was no allegation at that time or in the ensuing nine months period prior to this motion that he was subjected to any threats or that any promises were made to him by the Assistant United States Attorney or the Special Agent of the F.B.I. to induce him to plead guilty. If the petitioner's claim had any substance, the petitioner undoubtedly would have brought his claims to light at the time the sentence was imposed and then and there sought to withdraw his pleas and to go to trial on the merits. United States v. Lowe, 173 F.2d 346 (2d Cir. 1949), cert. denied, 337 U.S. 944, 69 S.Ct. 1499, 93 L. Ed. 1747 (1949). We had no doubt at the time of sentencing and have none now that petitioner was guilty as charged in the indictments, that his pleas were voluntarily given, and that his present claims have no merit.

The petitioner's allegations that promises had been made to him to induce a guilty plea clearly contradict his own statements to the Court on that subject. Recognizing how close he comes to being deemed as having committed perjury when he made the statements at the time of his arraignment if his current statements under oath are accepted as true, petitioner is quick to point out that he was not under oath at the time of his statements. Even assuming the improbable fact that the petitioner was not bound to tell the truth when questioned by the Court on the voluntariness of his guilty pleas, we are nevertheless convinced by all of the foregoing that the petitioner in fact was speaking the truth at the time of sentencing and that his current petition, under oath, is false. Accordingly, we are convinced that petitioner is entitled to no relief and that a hearing on his claims is unnecessary. Davis v. United States, 311 F.2d 495, 496 (7th Cir. 1963), cert. denied, 374 U. S. 846, 83 S.Ct. 1906, 10 L.Ed.2d 1067 (1963); Lynott v. United States, 360 F. 2d 586, 588 (3rd Cir. 1966), cert. denied, 386 U.S. 917, 87 S.Ct. 873, 17 L.Ed.2d 788 (1966); Peele v. United States, 392 F.2d 573 (9th Cir. 1968); Raines v. United States, 423 F.2d 526 (4th Cir. 1970).

Moreover, we will refer the question of whether or not any action should be taken with respect to the false state-

ments in the current § 2255 petition to the United States Attorney.

An appropriate order will enter denying petitioner's motion for relief pursuant to 28 U.S.C. § 2255.