Jose M. JOSENDE, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 72 C 1110.

United States District Court, N. D. Illinois, E. D.

June 9, 1972.

742

---

Jose M. Josende, pro se.

James R. Thompson, U. S. Atty., James H. Alesia, Asst. U. S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION

MAROVITZ, District Judge.

*Petition For Relief Under 28 U.S.C. § 2255*

Petitioner was originally indicted in 70 CR 346 with five other defendants in a nine count indictment for narcotics violations under 21 U.S.C. § 174 and 26 U.S.C. § 4705(a). Subsequently an information was filed superseding Count 9 of the original indictment numbered 70 CR 556 charging Petitioner with unlawfully and knowingly dispensing and distributing heroin in violation of 26 U.S. C. § 4704(a).

The Petitioner plead guilty and was sentenced. Petitioner now contends that the Court wrongfully accepted his plea of guilty contrary to Rule 11, Federal Rules of Criminal Procedure in that Petitioner did not speak English and therefore did not understand the consequences of a guilty plea or the charges against him.

We grant the Government's Motion to Dismiss the § 2255 petition and do so without a hearing. During the entire pleading procedure a Spanish speaking interpreter was present and communicated to the Petitioner his right to a trial by jury should he desire to plead not guilty; the Court inquired into his guilt and the factual basis for his guilty plea and fully advised the Petitioner of the consequences of a guilty plea. In addition the transcript of the proceeding indicates that the Petitioner had some knowledge of the English language in view of the testimony of one Donna Power who was at the time living with the Petitioner and indicated that she communicated with Petitioner in English. In view of the fact that there was an interpreter present who communicated the Court's inquiries and the constitutional requirements necessary for a guilty plea and considering the knowledge of English Petitioner possessed we find no merit to his petition. See Cervantes v. Cox, 350 F.2d 855 (10th Cir. 1965); Orosco v. Cox, 359 F.2d 764 (10th Cir. 1966). The requirements of Rule 11, Federal Rules of Criminal Procedure were fully complied with.

We grant the Government's motion without a hearing because the transcript of the proceedings during which Petitioner's guilty plea was accepted indicates beyond any doubt that the requirements of Rule 11 were met with. A full evidentiary hearing is not required where the record clearly refutes the allegations of the § 2255 petition as it does in this case. See Mitchell v. United States, 359 F.2d 833 (7th Cir. 1966); Lynott v. United States, 360 F.2d 586 (3rd Cir. 1966); Putnam v. United States, 337 F.2d 313 (10th Cir. 1964); United States v. Davis, 319 F.2d 482 (6th Cir. 1963); Peele v. United States, 392 F.2d 573 (9th Cir. 1968).

Although we find no merit to Petitioner's contentions we will nevertheless forward to him a transcript of the proceedings during which the guilty plea was accepted as he has requested.

The Government's Motion to Dismiss the petition without a hearing is granted.