This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37687**

**PHILLIP ZAMORA,**

Petitioner-Appellant,

v.

**STATE OF NEW MEXICO,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alisa A. Hart, District Judge**

Todd A. Coberly
Santa Fe, NM

for Appellant

Hector H. Balderas, Attorney General
Santa Fe, NM
Margaret Crabb, Assistant Attorney General
Albuquerque, NM

for Appellee

## MEMORANDUM OPINION

**VANZI, Judge.**

**{1}** Petitioner appeals from the district court's order and amended order denying his petition to set aside his conviction. In this Court's notice of proposed disposition, we proposed to summarily reverse and remand. The State filed a memorandum in opposition and Petitioner filed a memorandum in support, which we have duly considered. We reverse and remand.

**{2}** In our notice of proposed disposition, we noted that the district court indicated in its order that Petitioner did not intend to "present[] any evidence or matters outside the pleadings in support of his claim." This statement appeared to be a misunderstanding of Petitioner's counsel's statement that he would not be presenting evidence at the *preliminary* hearing. In its memorandum in opposition, the State argues that an evidentiary hearing is not required because the record establishes that trial counsel was not, in fact, ineffective because Defendant entered his plea based on strategy and because Defendant was not prejudiced by his plea given that there was sufficient evidence to convict him of trafficking at trial. In his memorandum in support, Defendant argues that the existence of trial strategy does not, in and of itself, negate a conclusion that trial counsel was ineffective if no reasonable attorney would have followed that strategy, and that the evidence identified by the State could also support a finding by a fact-finder that Defendant was merely in possession of the controlled substance, not that he intended to traffic it. Defendant additionally argues that, in any event, the district court's dismissal order was clearly predicated on its misunderstanding that Petitioner did not intend to present any evidence or matters outside of the record, which was an erroneous interpretation of defense counsel's comments, warranting reversal for an evidentiary hearing.

**{3}** Because Petitioner's claims are based in occurrences outside of the record and because it appears the district court's ruling was based on a misunderstanding of defense counsel's statement that Defendant did not intend to present evidence at the *preliminary* hearing to mean Defendant did not intend to present evidence at an *evidentiary* hearing, we conclude that remand is appropriate for the district court to either hold an evidentiary hearing or clarify in an amended order why Petitioner's claim can be resolved on the record. *See* Rules 5-802(H)(4), 5-803(F) NMRA; *State v. Swim*, 1971-NMCA-035, ¶¶ 7-8, 82 N.M. 478, 483 P.2d 1318 (concluding that a hearing was required because the petitioner made claims that "concern[] occurrences outside the record which, if true, would be grounds for vacating his sentence, and [which] . . . could not be resolved without a hearing" (internal quotation marks and citation omitted)); *State v. Patton*, 1970-NMCA-105, ¶¶ 5-6, 82 N.M. 29, 474 P.2d 711 (concluding that the petitioner was entitled to a hearing and stating that "[t]hese allegations of pleas coerced or induced by threats to use statements, allegedly improperly obtained, would be sufficient, if true, to collaterally attack the judgments against defendants").

**{4}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we reverse and remand to the district court for further proceedings in accordance with this opinion.

**{5} IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**BRIANA H. ZAMORA, Judge**