This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-42360

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

Petitioner-Appellee,

v.

**ALICIA S.,**

Respondent-Appellant,

**IN THE MATTER OF ANALIYAH G.
and ANGELO G., Children.**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Catherine Begaye, District Court Judge**

Children, Youth and Families Department
Cynthia Tessman, Acting Chief Children's Court Attorney
Albuquerque, NM

for Appellee

Susan C. Baker
El Prado, NM

for Appellant

Advocacy, Inc.
Alison Endicott-Quiñones
Albuquerque, NM

Guardian Ad Litem

**DISPOSITIONAL ORDER**

**HANISEE, Judge.**

**{1}** Respondent Alicia S. (Mother) appeals from an adjudication of neglect, pursuant to NMSA 1978, Section 32A-4-2(G)(2) (2018, amended 2025). Mother argues that she received ineffective assistance of counsel at her adjudicatory hearing. Mother asserts that (1) her counsel was "ineffective by failing to advise her of the implications of admitting the abuse and neglect petition [and consequently] denying her due process rights"; and (2) that Mother's counsel convinced her to enter a plea, and that she did not do so knowingly or voluntarily and would like to revoke her plea. Mother asks this Court to reverse the adjudication or remand the case to district court. We remand for further proceedings in district court.

**BACKGROUND**

**{2}** An abuse and neglect petition was filed against Mother on June 28, 2023. During the adjudication hearing on October 26, 2023, Mother entered into a plea of no contest to having neglected her two children. The district court advised Mother that by entering into this plea of no contest she would give up her right to trial and asked Mother if she understood, to which Mother replied that she did. The court also explained to Mother the role of her attorney and asked Mother if she had enough time to confer with her attorney regarding the plea, to which Mother replied that she had. Finally, the district court asked Mother if anyone forced or threatened her to enter into this plea, and if she was under the influence of drugs, alcohol, or medication that could alter her understanding of the plea, to which Mother replied, "No." The court accepted Mother's plea.

**{3}** On appeal, Mother asserts that her counsel did not "fully explain the implications of a decision to enter an admission" and that "[w]here [c]ounsel has failed to properly advise Mother of her rights during the adjudication process, the entire procedure becomes flawed." Contrary to her allocution in district court, Mother presently maintains her attorney talked her into taking the plea, and that her counsel did not fully explain her right to contest the petition in an adjudicatory trial. Indeed, before this Court, Mother initially contended that the "[p]lea was the result of a promise" and that her attorney failed to explain the actual consequences of Mother agreeing to her admission. For these reasons, Mother argues that her plea is invalid and should be withdrawn.

**{4}** "When an ineffective assistance claim is first raised on direct appeal, we evaluate the facts that are part of the record." *State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61. There is "a preference that ineffective assistance of counsel claims be adjudicated in habeas corpus proceedings, rather than on direct appeal." *State v. Cordova*, 2014-NMCA-081, ¶7, 331 P.3d 980 (citing *Duncan v. Kerby*, 1993-NMSC-011, ¶ 4, 115 N.M. 344, 851 P.2d 466); *State v. Grogan*, 2007-NMSC-039, ¶ 9, 142 N.M. 107, 163 P.3d 494. "This preference stems from a concern that the record before the [district] court may not adequately document the sort of evidence essential to a determination of trial counsel's effectiveness." *State v. Schoonmaker*, 2008-NMSC-010, ¶ 31, 143 N.M. 373, 176 P.3d 1105 (internal quotation marks and citation omitted), *overruled on other grounds by State v. Consaul*, 2014-NMSC-030, ¶ 38, 332 P.3d 850.

**{5}** But in the context of an adjudication for neglect, there is no right to a habeas corpus proceeding, rendering the need for a factual record on a claim for ineffective assistance all the more critical in district court. An evidentiary hearing is appropriate "when the record establishes a prima facie case of ineffective assistance of counsel." *State ex rel. Child., Youth & Fams. Dep't v. Tammy S.*, 1999-NMCA-009, ¶ 26, 126 N.M. 664, 974 P.2d 158. A prima facie case is made when: "(1) it appears from the record that counsel acted unreasonably; (2) the appellate court cannot think of a plausible, rational strategy or tactic to explain counsel's conduct; and (3) the actions of counsel are prejudicial." *State ex rel. Child., Youth & Fams. Dep't v. David F., Sr.*, 1996-NMCA-018, ¶ 20, 121 N.M. 341, 911 P.2d 235. In the context of a civil adjudication, this Court has employed an alternative standard that permits "remand for an evidentiary hearing . . . where a substantial question is raised concerning issues not adjudicated at the [adjudication] hearing." *Tammy S.*, 1999-NMCA-009, ¶ 26. It is this latter standard that here warrants remand, particularly given the absence of a future proceeding in which Mother can litigate the effectiveness of her attorney.

**{6}** As was the case in *Tammy S.* in the context of the mother's attorney's possible conflict of interest, we note that our criminal jurisprudence would justify reversal if the facts alleged by Mother—namely that she was inadequately advised as to the consequences of her plea or made promises in exchange therefore—are accurate. *See id.* ¶ 27; *see also State v. Swim*, 1971-NMCA-035, ¶ 7, 82 N.M. 478, 483 P.2d 1318 (holding that an evidentiary hearing was required where the defendant alleged "concerning occurrences outside the record which, if true, would be grounds for vacating his sentence" premised upon an involuntary plea of guilty (internal quotation marks and citation omitted)). In these circumstances, "the appropriate remedy . . . is a remand to the district court for an evidentiary hearing to explore the merits of the [m]other's claim." *Tammy S.*, 1999-NMCA-009, ¶ 28.

**{7}** Similarly, here, we are unable to determine, on the limited record available and under the standards that govern claims of ineffective assistance of counsel, whether Mother's counsel's performance was deficient, and whether any deficiency in that performance resulted in prejudice toward Mother. *See State v. Dylan J.*, 2009-NMCA-027, ¶ 45, 145 N.M. 719, 204 P.3d 44; *see also State v. Guerra*, 2012-NMSC-027, ¶ 23, 284 P.3d 1076 ("Failure to prove either [that counsel's performance was deficient, or that the deficient performance was prejudicial] defeats a claim of ineffective assistance of counsel." (internal quotation marks and citation omitted)).

**{8}** On remand "it is most important to have trial judges assess performance, since appellate courts in most cases should not attempt to, 'reconstruct the circumstances of counsel's conduct, evaluate counsel's conduct at the time, and deal with the effects of that conduct without the distorting effects of hindsight.'" *Dylan J.*, 2009-NMCA-027, ¶ 42 (quoting *Grogan*, 2007-NMSC-039, ¶ 10). We therefore determine it to be appropriate to remand this case for an evidentiary hearing on the matter of ineffective assistance of counsel. *See Grogan*, 2007-NMSC-039, ¶ 9 ("New Mexico appellate courts frequently remand claims of ineffective assistance of counsel brought on direct appeal for further evidentiary hearings."); *State v. Swavola*, 1992-NMCA-089, ¶ 3, 114 N.M. 472, 840

P.2d 1238 ("Recent decisions by this [C]ourt have expressed our reservations about deciding claims of ineffective assistance of counsel in the absence of a district court evidentiary hearing on the matter.").

**CONCLUSION**

**{9}**   For the reasons stated above, we remand to the district court for further proceedings on Mother's claim of ineffective assistance of counsel. If Mother prevails, she shall be permitted to withdraw her plea and would be entitled to a new adjudication under NMSA 1978, Section 32A-4-20 (2014).

**{10}   IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**KATHERINE A. WRAY, Judge**